## GRAY v. ALABAMA NAT. BANK.

*(City Court of New York, Trial Term.* April 21, 1890.)

CONDITIONAL SALES—"SATISFACTORY" TO BUYER.

A contract to make steel-plate bank-drafts, "a satisfactory design" to be furnished the purchaser, involves a matter of taste, and the purchaser may reject the work without assigning any reason for his dissatisfaction.

Action by Olin D. Gray, as assignee of the August Gast Bank-Note & Lithographing Company of St. Louis, against the Alabama National Bank, for an alleged breach of a written order, given by defendant to plaintiff's assignor, to make a quantity of steel-plate bank-drafts; the order reciting that it was given on the understanding that "I [defendant] am to have a satisfactory design for" the drafts. The designs furnished were rejected as unsatisfactory.

*William B. Ellison,* for plaintiff.    *E. H. Brandin,* for defendant.

McADAM, C. J.    Lithography is an art,—so is steel-plate engraving, and whether the work produced is good, bad, or indifferent, is one of artistic opinion, taste, or fancy.    Bank-note engraving at the present time involves skill, artistic taste, scenic effect, and arrangement.    Some people are fastidious about their checks and drafts, and want them equal in appearance to bank-notes.    Common printed checks or drafts procurable at the banks or stationers may suit the ordinary requirements of trade, but not the peculiar fancies of individuals who seek to satisfy their notions, and gratify their exceptional taste.    As a consequence, no two specially designed checks or drafts are exactly alike,—a circumstance that proves that taste and fancy have much, if not all, to do with the selection finally made.    Some checks are neat, not gaudy; others are loud and showy.    They vary in size, appearance, style of print, lithography, and engraving.    The variety of vignette is innumerable. Stationers keep books in which may be found all sorts and kinds of patterns and designs, and even those are modified to suit the peculiar notion or fancy, original or otherwise, of the customer.    From all this it will be assumed that the order given by the defendant embraced a subject involving taste, fancy, and judgment, respecting which minds might differ.    The condition inserted in the order, that it was given upon the understanding that the president of the defendant should first have a satisfactory design, means a design satisfactory to him, and that the order was not to become operative as a contract until this condition precedent was performed.    Suggesting an alteration in the first design was not a waiver of the condition, as the manner of making the change was not mechanical, but involved the exercise of taste and fancy.

Whether it was wise or business-like to act on an order which left the approval of the design to the mental operation of the mind and judgment of the defendant's president is not open for discussion. The time for that line of thought has passed.    Such was the condition assented to, and the rights of the parties must be determined from the contract as it is.    This fixes their obligations, and they cannot be altered or enlarged.    There is no doubt of the general proposition that, where one party agrees to do a thing to the satisfaction of the other, and the excellence of the work is a matter of taste, such, for instance, as a portrait, bust, suit of clothes, dramatic play, or a particular piece of furniture, the employer may reject it without assigning any reason for his dissatisfaction.    In such a case the law cannot relieve against the folly of the employe by inquiring whether the dissatisfaction of the employer was based upon reasonable grounds or not.    It is even doubtful whether it can inquire into the good faith of the employer's decision. *Glenny* v. *Lacy,* 1 N. Y. Supp. 513; *Printing-Press Co.* v. *Thorp,* 36 Fed. Rep. 414; *Seeley* v. *Welles,* 13 Atl. Rep. 736, and cases cited.    Parties must stand to their contract as they made it; and, if one party agrees to furnish an

article that is satisfactory to the other, he constitutes the latter the sole arbiter of his own satisfaction.    If, however, the task to be performed does not involve matter of taste, fancy, or judgment, but of common experience, such as an ordinary job of mechanical work, or the quality of material, a different rule applies, and in such cases the law will say that what in reason ought to satisfy a contracting party does satisfy him.    *Boiler Co.* v. *Garden*, 101 N. Y. 387, 4 N. E. Rep. 749; and see *City of Brooklyn* v. *Railroad Co.*, 47 N. Y. 475; *Miesell* v. *Insurance Co.*, 76 N. Y. 117.    The present case falls within the rule first stated.    For these reasons there must be judgment for the defendant.