LOGAN *et al. v.* BERKSHIRE APARTMENT ASS'N.

*(City Court of New York, General Term.   March 10, 1892.)*

1. CONTRACTS—PERFORMANCE—EVIDENCE.
    In an action to recover for the erection of a hot-water pressure tank, plaintiffs alleged that the tank was erected and delivered to defendant according to contract. There was no allegation of non-performance in the answer, and no counter-claim for damages. Plaintiffs' testimony showed virtual performance of the contract, and that defendant had accepted the tank. *Held,* that the court erred in refusing to submit the case to the jury.

2. SAME—NONSUIT—PRESUMPTION IN FAVOR OF PLAINTIFFS.
    In case of a nonsuit, plaintiffs are entitled to the most favorable inferences deducible from the evidence; and, in reviewing the nonsuit, all contested questions of fact will be deemed established in their favor.

3. SAME—QUESTION FOR JURY.
    There was no obligation on plaintiffs to set out the contract in full in the complaint; and the court erred in entering a nonsuit on the ground of non-performance of the contract alleged, instead of submitting to the jury the question whether the contract proven was performed.

4. SAME—"SATISFACTORY"PERFORMANCE.
    It was not necessary that plaintiffs should complete such contract "to the satisfaction" of defendant; but performance in such manner as should have satisfied defendant was sufficient.

Appeal from trial term.

Action by William J. Logan and others against the Berkshire Apartment Association.. From a nonsuit plaintiffs appeal. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

*Lyons & Smith,* for appellants. *Stickney, Spencer & Ordway,* for respondent.

FITZSIMONS, J. The plaintiffs are iron-workers. They agreed to furnish defendant, and place in its house, a hot-water pressure tank, the size, character, and style of finish of which was fixed by the written contract made, which contract further provided that all the work was to be done to the entire satisfaction of defendant, all for $235, and the work to be completed in from two to three weeks. The complaint alleges only part of the written contract. It does not pretend to set out fully the details thereof, nor is the plaintiff required by law to do so. It is sufficient to allege generally the contract terms, and upon the trial to prove its full performance. It further alleges the delivery of the tank; that it required slight alterations, which were rendered necessary because of the change of location of man-hole on said tank, as directed by defendant, and which they proceeded to make while said tank was in defendant's house, but were prevented by defendant from completing the same. The answer is a general denial. At the trial, after close of plaintiffs' case, the learned trial justice dismissed the complaint, as follows: *First,* upon the ground that it appears both from the pleadings, the testimony, and the remarks of counsel that the contract alleged in the complaint was not completed by the plaintiffs, and therefore that until it was completed the plaintiffs cannot recover the contract price; *second,* that the contract, as proved, is entirely different from the contract pleaded, and therefore makes an entirely different cause of action, which the defendant is not now ready to meet; *third,* that the work done in pursuance of the contract which is in evidence is not shown to be done in accordance with the contract, and particularly in that it has not been shown that it was done to the satisfaction of the defendant,—to which plaintiffs duly excepted.

The proposition of law applicable to this case is stated in *Kunz* v. *City of Troy,* 104 N. Y. 352, 10 N. E. Rep. 442, as follows: "Where a plaintiff is nonsuited, he is entitled to the most favorable inferences deducible from the evidence, and in reviewing the nonsuit all contested question of fact are to

be deemed established in his favor." In the light of this exceedingly just rule, we will examine the plaintiffs' evidence and complaint. The complaint alleges that plaintiffs entered into an agreement with defendant to furnish the tank in question, and that they made and delivered said tank to defendant. It must be assumed that the tank as furnished complied with the terms of said agreement. If it did not, then defendants' plain duty was to allege that fact in its answer, and, in view of the fact that it kept the tank, to set up a counter-claim for damages for breach of said contract. This it did not do, merely making a general denial. As for the plaintiffs' testimony, it is to this effect: That they completed the tank. That, as completed, the man-hole was on the (up) side and two small drip-holes, which were misplaced by plaintiff's workman, but which would not interfere with the working of the tank in any way, and could be easily stopped and made tight; and that the attention of defendant's agent (Moran) was called to these facts before the tank left plaintiffs' place of business, which was in Brooklyn, the defendant's house being in this city. That subsequently said tank was removed to the defendant's house, and then Moran complained, saying that the man-hole should have another position upon the boiler. That he and plaintiffs talked that matter over, and finally arranged the boiler in such a way that the position of the man-hole was satisfactory to Moran, and he agreed to accept the boiler, providing plaintiffs did some extra work, which they did, and that they completed their contract. This is plaintiffs' testimony. It is quite true that some of this testimony a jury might believe was weakened on cross-examination, but, under the rule of law herein quoted, we must, in plaintiffs' behalf, take the most favorable view of said testimony. And therefore we think that the said justice erred in dismissing the complaint upon the ground, first, that the contract alleged in the complaint was not completed. As above stated by us, the complaint does not claim or pretend to set out fully and in detail the contract made between plaintiffs and defendant, and therefore the question whether or not the plaintiffs complied with said contract should have been submitted to the jury. The trial justice should not have determined that fact. Besides, the defendant had, according to plaintiffs' testimony, received and accepted the boiler, and therefore it had only the right of counter-claim, in case plaintiffs did not fully perform their contract. 2 Benj. Sales, 548. As to the third ground of dismissal, we think it was error to dismiss, for the reasons therein set out, because the testimony shows "that plaintiffs completed their contract." The question whether they did so to defendant's satisfaction was for the jury to decide. The plaintiffs in this case were not bound to "satisfy" defendant. They were only required to do said work in a manner that "ought" to have satisfied it. *Boiler Co.* v. *Garden*, 101 N. Y. 387, 4 N. E. Rep. 749. The pleadings in this action are hereby amended so as to conform to the proof. Judgment is reversed, and a new trial ordered, with costs to appellants to abide event of action. All concur.