McADAM, J.
The action is on a contract whereby the plaintiff agreed to put in the defendants’ premises a ventilating machine for $350. The condition thereof affecting the present contention is as follows:
“We guaranty to ventilate receiving room to your satisfaction; otherwise, we will remove wheel and other material without cost to you, and put receiving room in as good order as we found it, without any charge to you.”
*495 The plaintiff proved that the work had been done in a proper manner, and rested. The defendants moved to dismiss the complaint, and the motion was granted. The reason for the dismissal does not clearly appear, though it is evident that the true ground was that the work was not done to the defendants’ satisfaction, as stipulated in the agreement. The plaintiff was not bound to show that the defendants were actually satisfied with the ventilation. He was only bound to show that the work was done in a proper manner, and in a way that ought to have satisfied the defendants, and this was a question for the jury. Logan v. Association (City Ct. N. Y.), 18 N. Y. Supp. 164; Boiler Co. v. Garden, 101 N. Y. 387; 4 N. E. 749; Russell v. Allerton, 108 N. Y. 292; 15 N. E. 391; Doll v. Noble, 116 N. Y., at page 233; 22 N. E. 406. In Logan v. Association, supra, the plaintiffs were to furnish a hot water pressure tank, and the work was to be done “to the entire satisfaction of the defendant.” The complaint was dismissed on the ground that “it has not been shown that it was done to the satisfaction of the defendant.” Held, error. The defendants in Boiler Co. v. Garden, supra, contracted to pay only when they “were satisfied that the boilers, as changed, were a success,” and they claimed that this was a question for them alone to determine. The court said:
“Performance must, of course, accord with the terms of the contract; but if the defendants are at liberty to determine for themselves when they are satisfied, there would be no obligation, and consequently no agreement which could be enforced. It caimot be presumed that the plaintiff entered upon its work with this understanding, nor that the defendants supposed they were to be the sole judge of their own cause.”
In Russell v. Allerton, supra, the court said:
“We do not think that the effect of the words in the charter party, ‘charterers to approve the ventilation,’ was to leave the subject of the ventilation of the ship to the absolute, unreasonable, and wholly arbitrary decision of the charterer.”
The contract under consideration in Doll v. Noble, supra, required the work to be done “in the best workmanlike manner,” “and to the entire satisfaction” of the party for whom it was done. Held that, if done in the best workmanlike manner, such party could not defeat a recovery of the price agreed to be paid by arbitrarily and unreasonably declaring that it was not done to his satisfaction.
Deferring to contracts that the work shall be done to the satisfaction of the recipient partv, Folger, J., in City of Brooklyn v. Brooklyn City R. Co., 47 N. Y., at page 479, says:
“Such satisfaction is not an arbitrary or capricious one. It has its measure by which it can be filled. That which the law shall say a contracting party ought in reason to be satisfied with, that the law will say he is satisfied with.”
See, also, Folliard v. Wallace, 2 Johns. 395; Butler v. Tucker, *496 24 Wend., at page 449; Miesell v. Insurance Co., 7 N. Y., at page 119.
The rule is different, of course, where the contract involves a question of personal taste or individual preference. Boiler Co. v. Garden, 101 N. Y., at page 390; Gray v. Alabama Nat. Bank, 30 St. Rep. 824; Id., 38 St. Rep. 169. Such cases are: Making a suit of clothes. Brown v. Foster, 113 Mass. 136. Undertaking to fill a particular place as agent. Tyler v. Ames, 6 Lans. 280. Making a bust. Zaliski v. Clark, 44 Conn. 218. Painting a portrait. Hoffman v. Gallaher, 6 Daly, 42; Moore v. Goodwin, 43 Hun, 534; 7 St. Rep. 154. Making a lithographic design. Gray v. Alabama Nat. Bank, 30 St. Rep. 824; Id., 38 St. Rep. 169. Giving lessons in drafting patterns. Johnson v. Bindseil, 28 St. Rep. 881. The work done by the plaintiff was of a mechanical nature, requiring great expense in moving and putting up the machinery, and it would necessitate a like expenditure to take down and remove the same. It is evident, therefore, that the right to reject was not left to the whim or caprice of the defendants, but was to, depend on some objection founded upon reason; and, as this involved a question peculiarly for the jury, it should not have been withdrawn from their consideration. The case is unlike one where a horse, or other thing which may be returned without altering its condition, is given on trial. There the return might be enforced under the contract to take back if the thing proves unsatisfactory.
Having been nonsuited, the plaintiff is entitled to the most favorable inferences deducible from the evidence, and all questions of fact are to be deemed established in his favor. So construed, the record shows error.
Por these reasons, without considering the other questions presented, the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.