### RICHISON *et al.* V. MEAD.

1. Where the evidence is conflicting, it will not be weighed on appeal further than to determine whether it is sufficient to sustain the verdict.

2. Under a contract to sink a well, which will produce a flow of water satisfactory to the owner, he cannot arbitrarily say that he is dissatisfied, and refuse to pay for it, if it does in fact satisfy his needs.

3. Where a contract is to be performed to the satisfaction of one of the parties, the determination as to when he ought to be satisfied depends on whether the performance would satisfy the mind of a reasonable man.

4. On an issue as to whether plaintiffs had sunk a well on defendant's farm procuring a flow of water satisfactory to him, it was competent for plaintiffs to show the nature of the farm, the number of stock usually kept, and the quanity of water that would necessarily be required.

5. In an action to recover for sinking a well on defendant's farm, which, under the contract, was to produce a flow of water satisfactory to defendant, there was no error in an instruction that defendant was entitled to a well that would supply a reasonable and sufficient quantity of water for the wants and needs of himself and of a farm of that character in that neighborhood.

6. An istruction was not reversible error because it assumed that neither party contended that an oral contract to sink a well, the terms of which

were disputed, did not provide that a flow of any specific quantity of water was to be the criterion of whether it was a sufficient well or not, where the evidence relating thereto was too vague or uncertain to say that it formed a condition of the contract.

7. In an action to recover for sinking a well on defendant's farm, which, under the contract, was to produce a flow' of water satisfactory to defendant, there was no error in instructing the jury to consider the conditon of the parties and the surrounding circumstances, the size of the farm, its probable needs, and the ordinary uses that it requires a well for, to determine what was in the minds of the parties, and what they contemplated when the well should be put there.

(Opinion filed September 2, 1899.)

Appeal from circuit court, Moody county. Hon. JOSEPH W. JONES, Judge.

Action by Scott and G. L. Richison, co-partners as Richison Bros., against John H. Mead, to recover for services in drilling and sinking a well. Judgment for plaintiffs, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*H. D. James* and *Alexander & Hooker*, for appellant.

Under the contract the parties were to agree upon the sufficiency of the water obtained and the defendant was to be satisfied with the supply furnished. The defendant never was satisfied and the plaintiff therefore forfeited his rights to compensation. Trainer v. Wouman, 24 N. W. 297; Railroad v. Bradbury, 44 N. W. 1; Exhaust Vent. Co. v. Railroad, 28 N. W. 343

The testimony of the defendant Mead elicited upon cross-examination as to the nature of his farm and the number of live stock kept by him, was incompetent and its admission prejudicial error to appellant. McMullen v. Atchinson, 54 N. W. 1030.

Instructions to a jury limited to certain facts and excluding others, constitute reversible error. 2 Enc. Plead. and Prac, 577; Stenchfield v. Newton, 142 Mass. 110; Morelock v. Westminster, 4 At. 404.

*George Rice,* for respondents.

When a contract is to be performed to the satisfaction of one of the parties the meaning is that it is to be done in a manner satisfactory to the mind of a reasonable man. Such satisfaction is not to be an arbitrary or capricious one. Follard v. Wallau, 3 Johns 395; Keller v. Clifford, 46 N. E. 248; City of Brooklyn v. Railroad, 47 N. Y. 475; Hawkins v. Graham, 149 Mass. 284; Doll v. Noble, 116 N. Y. 320, Clark v. Rice, 9 N. W. 427; Logan v. Berkshire, 18 N. Y. Sup. 164; Hummel v. Stine, 36 N. Y. Sup. 443; McNeil v. Armstrong, 81 Fed. 943; Boiler Co. v. Gardner, 101 N. Y. 387; Iron Co. v. Best, 14 Mo. App. 502; Mullaby v. Greenwood, 127 Mo. 138.

The testimony of Mead was competent. Comp. Laws, §§ 3550 to 3564; Pearson v. Post, 2 Dak. 220.

CORSON, P. J. This was an action to recover a balance alleged to be due plaintiffs for drilling and sinking a well on the farm of the defendant. Verdict and judgment for the plaintiffs, and defendant appeals.

The well seems to have been drilled under an oral contract betwen the plaintiffs and the defendant, and there is a conflict in the evidence as to the precise nature of the contract, both as to the character of the well to be drilled, the quantity of water it should furnish, and the price per foot to be paid for sinking the same. No useful purpose would be subserved by an attempt to reproduce this evidence in this opin-

ion.  It is sufficient to say that, being conflicting, it was peculiarly within the province of the jury to determine what the contract was between the parties, and whether or not the plaintiffs had complied with the terms of such contract.

The appellant contends that the evidence was insufficient to sustain the verdict, for the reason that it clearly appears from the evidence that the supply of water should be such as to satisfy the appellant, and it further appears that the appellant was not satisfied with the supply of water and never accepted the well.  But in this we think the appellant is in error. as the evidence of the respondents was in conflict with that of the appellant upon that subject.  It was therefore for the jury to determine, under this conflict in the evidence, which of the parties they would believe.  "Where, in a case tried before a jury, the evidence is conflicting, this court will not weigh the evidence, or go further than to determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict, without regard to the evidence given on the part of the other party, except so far as such evidence tends to sustain his case."  Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128.  Certainly, there was sufficient evidence on the part of the respondents to warrant the jury in finding that the contract was as stated by them, and that they had complied with the terms of their contract.  Assuming, however, that the contract was as claimed by appellant, that the well was to be sunk to a sufficient depth to produce a flow of water satisfactory to him, still the appellant could not arbitrarily say that he was not satisfied, and refuse to pay for the same, providing the well did in fact afford a sufficient supply of water for the needs of the appellant's farm.  Proof on this question was adduced

both on the part of the appellant and the respondents, and the jury necessarily found by their verdict that the supply was sufficient. It will not do for the defendant to say that he is not satisfied with the flow of water without showing that the supply of water furnished by this well was insufficient for the uses of his farm. The law in such a case will determine for the defendant when he ought to be satisfied. Folliard v. Wallace, 2 Johns. 395. In Keeler v. Clifford, 165 Ill. 544, 46 N. E. 248, the supreme court of Illinois said: "When a contract is required to be performed to the satisfaction of one of the parties, the meaning necessarily is that it must be done in a manner satisfactory to the mind of a reasonable man." In City of Brooklyn v. Brooklyn City Ry. Co., 47 N. Y. 475, the court of appeals of New York, uses the following language: "Such satisfaction is not an arbitrary or capricious one. It has its measure by which it may be filled. That which the law shall say a contracting person ought to be satisfied with, that the law will say he is satisfied with." Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749; Hummel v. Stern (Super. N. Y.) 36 N. Y. Supp. 443; Logan v. Association (City Ct. N. Y.) 18 N. Y. Supp. 164; Clark v. Rice (Mich.) 9 N. W. 427; Doll v. Noble, 116 N. Y. 230, 22 N. E. 406; Hawkins v. Graham, 149 Mass. 284, 21 N. E. 312.

On the trial the appellant, John H. Mead, was called and sworn as a witness for the respondents, and was asked by their attorney, "How many head of cattle have you?" This question was objected to, as incompetent and irrelevant, objection overruled, and appellant excepted, and this ruling is now assigned as error. We discover no error in this ruling of the court. The evident object and purpose of the question

was to ascertain the quantity of water required by the appellant for the use of stock and other purposes upon his farm. We think it was competent, therefore, for respondents to show the nature and character of the farm, the number of stock usually kept, and the quantity of water that would necessarily be required in carrying on the farm. Comp. Laws, §§3550-3565.

A number of similar questions were propounded to the witness, objected to, objections overruled, and exceptions taken. For the reasons above stated, we think the testimony was admissible, and that the court committed no error in overruling the objections thereto.

Portions of the judge's charge to the jury, made upon his own motion, are also excepted to, and are assigned as error. The first instruction to which exception is taken was "that the defendant was entitled to a well that would supply a reasonable and sufficient quantity of water for the wants and needs of himself and of a farm of that character in that neighborhood." The appellant contends that this instruction is erroneous, in that it limits the supply of water to the ordinary uses of the farm in that vicinity, and to the number of cattle that he might then have upon said farm. We are of the opinion however, that there was no error in this instruction, and that the jury, under it, would, and probably did, take into consideration all the reasonable needs of the appellant, under any circumstances, on a farm of that character in that neighborhood

The court further instructed the jury as follows: "As to the last proposition, as to whether or not the plaintiffs found a sufficiency of water,—that is, made a well,—evidence on the part of both parties, or, I might say, the evidence on the part

of neither party, specifies specifically the quantity of water that should be found." And the court further instructed the jury as follows: "This was an oral contract. I do not understand from the evidence that either party contends that any specific quantity of barrels per day or gallons per minute was to be the criterion of whether it was a good and sufficient well or not." The giving of these instructions is assigned as error. The appellant contends that they were not supported by the evidence. We think the statements made in the instructions are, in substance, correct. There may have been a slight error in the last instruction, as there was some little evidence in regard to the number of gallons per minute, though it is too vague and uncertain to say that it formed one of the conditions of the contract. It is somewhat difficult to determine from the evidence what the contract between the parties really was, other than that plaintiffs were to sink a well on defendant's farm at a certain specified price per foot, and as to the price per foot the evidence was contradictory. We discover, therefore, no material error in the instructions.

The following instruction was also excepted to and assigned as error: "Hence you must consider the condition of the parties and the circumstances surrounding the matter; the size of the farm; the probable needs of such a farm; the ordinary uses that a farm requires a well for in this neighborhood,—to determine what was in the minds of the parties, what they contemplated when this well should be put there." We find no error in this instruction. The court seems to have very fairly and fully presented the question to the jury as to the kind of a well required to fulfill the terms of the contract.

The other instructions excepted to and assigned as error, in our opinion, stated the law correctly, and fairly presented

the questions of fact to the jury upon which they were to pass. Finding no error in the record, the judgment of the court below and the order denying the motion for a new trial are affirmed.