The Duplex Safety Boiler Co., Respondent, *v.* C. Henry Garden et al., Appellants.

The parties entered into a contract by which plaintiff agreed to alter certain boilers belonging to defendants, in a manner specified, the stipulated price for the work defendants agreed to pay as soon as they " are satisfied that the boilers as changed are a success." The work was completed

101 387
108 293

101 387
116 233

101 387
120 256
120 505

101 387
148 256

101 387
e163 408

101 387
171 ³ 72

within the time agreed upon, and defendants then began and thereafter continued the use of the boilers without objection or complaint. In an action to recover the contract-price defendants claimed that the question as to whether the work was a success was one for them alone to determine. *Held* untenable; and that a simple allegation of dissatisfaction, without a good reason therefor, was no defense. .

Under such a contract, that which the law will say a contracting party ought in reason to be satisfied with, that it will say he is satisfied with.

(Argued January 25, 1886; decided February 9, 1886.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 12, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was upon a contract, the nature of which, and the material facts are stated in the opinion.

*John A. Deady* for appellants. Whether defendants were satisfied that the boilers as repaired were a success or not was, under the contract, for defendants alone to decide, and it was incumbent upon plaintiff to show they were so satisfied. (*McCarren* v. *McNulty*, 7 Gray, 139 ; *Brown* v. *Foster*, 113 Mass. 136 ; *Taylor* v. *Ames*, 6 Lans. 280 ; *Gray* v. *Cent. R. R. Co. of N. J.*, 11 Hun, 70 ; *Huggans* v. *Fryer*, 1 Lans. 276 ; *Chadwick* v. *Lamb*, 29 Barb. 518; *Rich* v. *Milk*, id. 516 ; *Hall* v. *Simpson*, 19 How. Pr. 481; *Farrell* v. *Hildreth*, 38 Barb. 178.)

*H. C. Place* for respondent.

Danforth, J. The plaintiff sued to recover $700, the agreed price, as it alleged, for materials furnished and work done for the defendants at their request. The defense set up was that the work was done under a written contract for the alteration of certain boilers, and to be paid for only when the defendants "were satisfied that the boilers as changed were a success." Upon the trial it appeared that the agreement between the parties was contained in letters, by the first of which the defendants said to

plaintiff : "You may alter our boilers, changing all the old sections for your new pattern; changing our fire front, raising both boilers enough to give ample fire space; you doing all disconnecting and connecting, also all necessary mason work, and turning boilers over to us ready to steam up. Work to be done by tenth of May next. For above changes we are to pay you $700, as soon as we are satisfied that the boilers as changed are a success, and will not leak under a pressure of one hundred pounds of steam."

The plaintiff answered, " accepting the proposition," and as the evidence tended to show, and as the jury found, completed the required work in all particulars by the 10th of May, 1881, at which time the defendants began and thereafter continued the use of the boilers.

The contention on the part of the appellants is that the plaintiff was entitled to no compensation, unless the defendants "were satisfied that the boilers as repaired were a success, and that this question was for the defendants alone to determine," thus making their obligation depend upon the mental condition of the defendants, which they alone could disclose. Performance must of course accord with the terms of the contract, but if the defendants are at liberty to determine for themselves when they are satisfied, there would be no obligation, and consequently no agreement which could be enforced. It cannot be presumed that the plaintiff entered upon its work with this understanding, nor that the defendants supposed they were to be the sole judge in their own cause. On the contrary, not only does the law presume that for services rendered, remuneration shall be paid, but here the parties have so agreed. The amount and manner of compensation are fixed; time of payment is alone uncertain. The boilers were changed. Were they, as changed, satisfactory to the defendants? In *Folliard* v. *Wallace* (2 Johns. 395), W. covenanted that in case the title to a lot of land conveyed to him by F. should prove good and sufficient in law against all other claims, he would pay to F. $150, three months after he should be " well satisfied " that the title was undisputed. Upon suit brought, the defendant set up

that he was " not satisfied," and the plea was held bad, the court saying, " a simple allegation of dissatisfaction, without some good reason assigned for it, might be a mere pretext and cannot be regarded." This decision was followed in *City of Brooklyn* v. *Brooklyn City R. R. Co.* (47 N. Y. 475), and *Miesell* v. *Globe Mut. L. Ins. Co.* (76 id. 115).

In the case before us the work required was specified, and was completed; the defendants made it available and continued to use the boilers without objection or complaint. If there was full performance on the plaintiff's part, nothing more could be required, and the time for payment had arrived ; for according to the doctrine of the above cases, " that which the law will say a contracting party ought in reason to be satisfied with, that the law will say he is satisfied with."

Another rule has prevailed, where the object of a contract was to gratify taste, serve personal convenience, or satisfy individual preference. In either of these cases the person for whom the article is made, or the work done, may properly determine for himself — if the other party so agrees — whether it shall be accepted. Such instances are cited by the appellants. One who makes a suit of clothes (*Brown* v. *Foster*, 113 Mass. 136), or undertakes to fill a particular place as agent (*Tyler* v. *Ames*, 6 Lans. 280), mold a bust (*Zaleski* v. *Clark*, 44 Conn. 218), or paint a portrait (*Gibson* v. *Cranage*, 39 Mich. 49 ; *Hoffman* v. *Gallaher*, 6 Daly, 42), may not unreasonably be expected to be bound by the opinion of his employer, honestly entertained. A different case is before us, and in regard to it, no error has been shown.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.