CHARLES DOLL et al., Respondents, *v.* WILLIAM NOBLE, Appellant.

Where a contract for work and labor required the work to be done "in the best workmanlike manner, * * * and to the entire satisfaction" of the party for whom it is done, *held*, that if done in the best workmanlike manner such party could not defeat a recovery of the price agreed to be paid by arbitrarily and unreasonably declaring that it was not done to his satisfaction.

(Argued June 26, 1889; decided October 8, 1889.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 15, 1887, which affirmed a judgment in favor of the plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*John H. V. Arnold* for appellant. Where a contract provides that certain parties, agreed upon for the purpose, shall decide as to when a payment is earned, the parties to the contract must abide by that, and a jury will not be substituted to make the decision. Where there is no dispute as to the work being done right, or as to the payment being earned, the courts have held that the decision or certificate required could not be fraudulently, and in bad faith, withheld, when applied for so as to prevent recovery. (*Gray* v. *Central R. R. Co.*, 11 Hun, 70; *Martin* v. *Leggett*, 4 E. D. Smith, 257; *Hoffman* v. *Tolloher*, 6 Daly, 42; *Butler* v. *Tucker*, 24 Wend. 447; *Smith* v. *Brady*, 17 N. Y. 176; *Canal Co.* v. *Coal Co.*, 50 id. 250; *Whiteman* v. *Mayor, etc.*, 21 Hun, 120; *Glacius* v. *Black*, 50 N. Y. 145; *Bank* v. *Mayor, etc.*, 2 T. & C. 525; *Schenke* v. *Rowell*, 3 Abb. N. C. 43; *Smith* v. *Wright*, 4 Hun, 652; *Voorhis* v. *Mayor, etc.*, 46 How. Pr. 117; *McCarren* v. *McNulty*, 7 Gray, 139.)

*Samuel Untermyer* for respondents. If the work was performed by the plaintiffs in accordance with the other pro-

visions of the contract, in the best workmanlike manner, the defendant could not refuse to pay them by unreasonably, or in bad faith, saying the work was not done to his satisfaction. (*Smith* v. *Alker*, 102 N. Y. 87; *Bowery Bk.* v. *Mayor, etc.*, 63 id. 336; *Nolan* v. *Whitney*, 88 id. 648; *Woodward* v. *Fu'ler*, 80 id. 312; *Philip* v. *Gollaul*, 62 id. 256; *Johnson* v. *De Peyster*, 50 id. 666; *Smith* v. *Brady*, 17 id. 189; *Sinclair* v. *Tallmadge*, 35 Barb. 602; *Varian* v. *Johnstone*, 108 N. Y. 645.)

BROWN, J. This action was brought to recover a balance due upon a written contract, by which the plaintiffs were to do polishing, staining and rubbing on the wood work of two houses owned by the defendant, and also for certain extra work upon the same houses. The defendant denied that the contract had been performed by the plaintiffs, or that anything was due them from him.

The contract provided that the work was to be done "in the best workmanlike manner under the supervision of William Packard, superintendent, and to the entire satisfaction of William Noble, the party of the first part, owner." The court submitted the case to the jury under a general charge to which no exception was taken, and which, in substance, instructed the jury that if the work under the contract was done in the best workmanlike manner, the plaintiffs would be entitled to recover, and that the defendant could not defeat such recovery by unreasonably, and in bad faith, saying the work was not done to his satisfaction. That while the contract provided that it was to be done to the owner's satisfaction, that clause must be regarded as qualified by the other provisions of the contract that it was to be done in the best workmanlike manner; and that was the test of a correct and full performance of the contract.

The evidence was conflicting upon the question whether the work under the contract was done in a workmanlike manner and also as to the extra work. The jury, however, found a verdict for the full amount claimed, and we must assume

that the result was correct unless the court erred in its construction of the written agreement. While no exception was taken to the charge of the court, to which I have referred, the defendant at the close of the charge requested the court to instruct the jury that the defendant was entitled, under the contract, to have plaintiffs do the work " to his entire satisfaction before the plaintiffs became entitled to the final payment." To which the court responded, " I so charge, subject to the qualification which I have already made. He must not attempt to defeat a just claim by arbitrarily and unreasonably saying he is not satisfied. The work must be done according to the contract." To this ruling the defendant excepted, and this exception presents the principal question in the case.

The ruling of the court was correct. The question was directly presented in the case of *Bowery National Bank* v. *Mayor, etc.*, (63 N. Y. 336). In that case the certificate of the " water purveyor," that the stipulations of the contract were performed, was made a condition precedent to payment. It was conceded that the contract was completed and performed, but the " water purveyor " declined to give a certificate. The plaintiff was defeated in the Supreme Court, but in this court the judgment was reversed, the court saying, " It was necessary for them (the plaintiffs) either to prove upon the trial the making of such certificate, or to show that it was refused unreasonably and in bad faith. It was unreasonable to refuse it, if it ought in the contemplation of the contract to be given. In such contemplation it ought to have been given, when, in any fact and beyond all pretense of dispute, the state of things existed to which the water purveyor was to certify, to wit, the full completion of the contract in each and every one of its stipulations."

That when the parties have made the certificate of a third person of the performance of the work a condition precedent to payment, such certificate must be produced or its absence explained is the general rule. (*Smith* v. *Briggs*, 3 Denio, 74.) But all the authorities recognize the exception that when such

certificate is refused in bad faith or unreasonably the plaintiff may recover upon proof of performance of the contract. (*Smith* v. *Brady*, 17 N. Y. 176; *Thomas* v. *Fleury*, 26 id. 26; *Wyckoff* v. *Meyers*, 44 id. 145; *Nolan* v. *Whitney*, 88 id. 648; *United States* v. *Robeson*, 9 Peters, 328; *Smith* v. *Wright*, 4 Hun, 652; *Whiteman* v. *Mayor, etc.*, 21 id. 121.)

The reason for the exception applies with much greater force where the work is to be done to the satisfaction of the party himself than to cases where the certificate of a third party is required. A party cannot insist on a condition precedent when he has himself defeated a strict performance. (*Butler* v. *Tucker*, 24 Wend, 449.)

In this case Judge Bronson well says: "The defendant does not set up that part of the covenant which requires the work to be done to *his* satisfaction. As to that it would probably be enough for the plaintiff to aver that the work was in all other respects completed in pursuance of the contract; for if the defendant was not satisfied with such a performance it would be his own fault." (See, also, *Duplex Safety Boiler Co.* v. *Garden*, 101 N. Y. 387.)

None of the cases cited by the appellant hold a different rule. Many of them recognize the exception I have pointed out, and those that do not are easily distinguishable from the case under consideration. It is not deemed necessary to refer to them more specifically.

We have examined the other questions raised by the exceptions, but none of them are of sufficient importance to require discussion.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.