(21 App. Div. 544.)

HUMMEL v. STERN et al.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

1. SALE—WARRANTY.
    A purchaser of machinery, guarantied to ventilate a room "to his satisfaction," cannot reject and refuse to pay for it arbitrarily, but must be able to show a reason for his dissatisfaction.

2. INSTRUCTIONS—REPETITION.
    Where the charge of the judge states the correct rule of law, he is not bound to repeat it or reiterate it in any precise form of words that may be suggested by counsel.

Appeal from trial term.

Action by James H. Hummel against Isaac Stern and others. From a judgment entered on the verdict of a jury, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

N. Ottinger, for appellants.

H. L. Stimson, for respondent.

PATTERSON, J. By the contract upon which this action is brought, the plaintiff agreed to furnish and set up certain ventilating machinery upon the premises of the defendants. The written contract contains these words: "We guaranty to ventilate receiving room to your satisfaction; otherwise we will remove wheel, and also material, without cost to you." The plaintiff sued for the price agreed to be paid as stated in the contract, and alleged full performance of such contract. The defendants set up as a defense that the plaintiff wholly failed to make good his offer or guaranty, or "to ventilate the said receiving room to the satisfaction of the defendants." It is claimed on the part of the defendants (appellants) that, by the terms of the contract, they had the right to reject the machinery, and compel the plaintiff to remove it, upon the expression of their dissatisfaction with it, and that the true construction of the contract is that it was for them to decide whether they were satisfied or not, and that it was sufficient that they were dissatisfied to absolve them from any liability on the contract. Whatever might be the construction to be given to the words used in this contract if it were an original question, we are bound by the rule which has been applied time and again in the courts of this state to the interpretation of contracts of this character. A wide distinction is drawn in the cases between contracts for doing work or furnishing material to suit the taste or fancy or caprice of a party, and contracts such as the one in suit. Concerning such first-mentioned contracts, it is said in Duplex Safety-Boiler Co. v. Garden, 101 N. Y. 390, 4 N. E. 750, that the rule that has prevailed "where the object of a contract was to gratify taste, serve personal convenience, or satisfy individual preferences," is that the expression of dissatisfaction is sufficient, without any reason, and that in either of those cases the person for whom the article is made or the work done may properly determine for himself (if the other party so agrees) whether it shall be accepted; and instances are given:

"One who makes a suit of clothes (Brown v. Foster, 113 Mass. 136), or undertakes to fill a particular place as agent (Tyler v. Ames, 6 Lans. 280), mold a bust (Zaleski v. Clark, 44 Conn. 218; Hoffman v. Gallaher, 6 Daly, 42), may not unreasonably be expected to be bound by the opinion of his employer, honestly entertained."

But in cases where the parties contract to do work not of the character referred to in the above quotation, and it is stipulated that the person for whom the work is to be done is to be satisfied with that work, the final construction has been given, that, to justify a rejection of the work and a refusal to pay therefor, there must be some reason

48 N.Y.S.—34

9

for the dissatisfaction shown.   In the Duplex Safety-Boiler Case
the parties entered into a contract by which certain alterations to
boilers were to be made, and the defendants agreed to pay when they
were "satisfied that the boilers, as changed, were a success."   It was
contended there by the defendants that the only question in the case
was whether the work was a success, and that fact was one for them
alone to determine.   But that was held to be untenable, and that,
under such a contract, "that which the law will say a contracting
party ought in reason to be satisfied with, that the law will say he
is satisfied with."   In Doll v. Noble, 116 N. Y. 233, 22 N. E. 406,
the contract required the work to be done in the best workmanlike
manner, and to the entire satisfaction of the party for whom it was
done.   The court held that, if the work were done in that manner,
a recovery could not be defeated by an arbitrary and unreasonable
declaration that it was not done to the satisfaction of the defendant.
And so, in Russell v. Allerton, 108 N. Y. 289, 15 N. E. 391, which
was an action upon a charter party in which there was a condition
that the charterer should approve of the ventilation of the ship, it
was held that simple disapproval would not avoid the liability of
the charterer upon his contract, but it must be made to appear that
there was some reason for such disapproval.   The same point was
adverted to in the case of Grinnell v. Kiralfy, 55 Hun, 422, 8 N. Y.
Supp. 623, which was a contract of employment of an actress, and in
which it was provided that, if the employer should feel satisfied that
the employé was incompetent to perform the duties for which she was
employed, she might be discharged, on giving a week's notice.   While
the exact point was not determined in that case, reference was made
to the distinction between the rules applying in such cases as the
Duplex Safety-Boiler Case and the Doll Case, on the one hand, and
those applying to contracts made to gratify taste, serve personal con-
venience, or satisfy individual preferences, on the other hand;   the
presiding justice holding that, even upon the contract then under
consideration, the defendant could not have discharged the plaintiff
at his pleasure.   The contract in the case before us comes distinctly
within the rule laid down in the Duplex Safety-Boiler Case; and the
interpretation given to it by the judge presiding at the trial was the
correct one under the authorities.

Some criticism is made of the refusal of the trial judge to charge
the jury in the phraseology requested by the defendant's counsel.   But
the substance of the request was clearly stated by the judge in his
own words, and, as we have heretofore had occasion to say, where
the change of the judge states the correct rule of law he is not bound
to repeat it or reiterate it in any precise form of words that may be
suggested to him by counsel.   Laidlaw v. Sage, 2 App. Div. 374,
37 N. Y. Supp. 770.   All that can be required is that the correct rule
should be stated.

Objection was taken during the course of the trial to the admis-
sion of certain letters written by the defendants upon the subject of
the nonperformance of the contract by the plaintiff.   There was no
objection as to the competency of these letters, but merely that they
were immaterial and irrelevant.   A perusal of them is sufficient to

show that they related directly to the refusal of the defendants to accept or pay for the machinery, and some of them to the statement of the specific reasons upon which the action of the defendants was based.

Concerning the issue as to performance, there was conflicting evidence as to whether the machinery was adequate to do the work intended to be accomplished by it; and upon that conflicting testimony the jury found in favor of the plaintiff, and we are not called upon to disturb their verdict.

The judgment and order appealed from should be affirmed, with costs. All concur.