HARPER PENNINGTON *vs.* SAMUEL S. HOWLAND.

NEWPORT—OCTOBER 17, 1898.

PRESENT: Stiness, Tillinghast, and Rogers, JJ.

(1) *Construction of Contracts. Satisfactory, and Reasonably Satisfactory.*

When the subject of a contract involves personal taste or feeling, an agreement that it shall be satisfactory to the buyer necessarily makes him the sole judge whether it answers that condition.

But when the subject-matter is such that the satisfaction stipulated for must be held to apply to quality, workmanship, salability, and other like considerations, rather than to personal satisfaction, then the agreement that it shall be satisfactory means that it shall be "reasonably" satisfactory.

(2) *Retention of Subject-Matter. Performance.*

Retention of the subject-matter of a contract is to be considered in determining the question of its acceptance; but it is not conclusive, and does not remove the question from the jury.

ASSUMPSIT, the facts being stated in the opinion. Heard on defendant's petition for a new trial.

STINESS, J.    The plaintiff was employed to paint a pastel portrait of the defendant's wife for the sum of five hundred dollars, under a contract by correspondence which only provided for the price. The plaintiff went to the defendant's house in Washington, D. C., and began his work. The defendant testified that he at once objected to the proposed portrait, in street dress and hat, but the plaintiff said it was an artistic idea which he wished to carry out and that if it was not satisfactory he would paint the defendant one " until

satisfied." He also testified that the plaintiff undertook the commission with the understanding that he would paint a satisfactory portrait.

The plaintiff denies this, and says that upon the completion of his work Mrs. Howland said that she wanted another portrait, taken in different style of dress, to show a pearl necklace which had belonged to her mother. He then painted a second portrait and went away, leaving his implements, as he says, to be sent to him, or, as the defendant says, because the portrait was not finished and because he was to return to complete it.

The defendant says that he received a letter from the plaintiff stating that the pictures should be framed to keep the pastel from brushing off, and that he would give instructions to a man, whom he usually employed, to do it. The frames came, the pictures were put into them, and after some correspondence the defendant paid for the frames, and the pictures are still in his possession.

Upon this general statement of testimony the plaintiff's claim was that he painted one portrait at an agreed price, and then another upon request, for which he has charged the same price, and that both were not only without conditions · but were said to be satisfactory.

The defendant claims that the plaintiff agreed, upon starting his work, that if the picture was not satisfactory he would paint another; that after expressing his dissatisfaction the plaintiff immediately started another which he did not finish ; that the pictures were framed simply to preserve them until the last one should be finished, and that they have since remained with him in that way.

These conflicting claims present obvious questions of fact for a jury. Numerous exceptions were taken at the trial which can be better considered generally than in detail. According to the defendant's statement that the work was to be satisfactory to him, he asked the court to instruct the jury that he had the right to reject the first portrait if he was not satisfied with it.

(1) The judge instructed the jury that "satisfactory" means

"reasonably satisfactory;" but in response to another request he also instructed the jury that "an artist, if he agreed to paint a picture to one's satisfaction, has no cause of action for the price unless the buyer is satisfied, however good the picture is," adding: "But unless the man returns the picture he is conclusively held to be satisfied." This last instruction, without the added sentence, states the law correctly, according to the current of authority, and in giving the preceding instruction, that a portrait must be "reasonably satisfactory," the judge doubtless had in mind another class of cases to which that limitation may apply.

When the subject of the contract is one which involves personal taste or feeling, an agreement that it shall be satisfactory to the buyer necessarily makes him the sole judge whether it answers that condition. He cannot be required to take it because other people might be satisfied with it ; for that is not what he agreed to do. Personal tastes differ widely, and if one has agreed to submit his work to such a test he must abide by the result. A large number of witnesses might be brought to testify that the work was satisfactory to them ; that they considered it perfect, and that they could see no reasonable ground for objecting to it. But that would not be the test of the contract, nor should a jury be allowed to say in such a case that a defendant must pay because by the preponderance of evidence he ought to have been satisfied with the work—or, in other words, that it was "reasonably satisfactory." Upon this principle numerous cases have been decided.

In *McCarren* v. *McNulty*, 7 Gray, 139, an action to recover the price of a book-case, the court said : "It may be that the plaintiff was injudicious or indiscreet in undertaking to labor and furnish material for a compensation, the payment of which was made dependent upon a contingency so hazardous or doubtful as the approval or satisfaction of a party particularly in interest. But of that he was the sole judge. Against the consequences resulting from his own bargain the law can afford him no relief. Having voluntarily assumed the obligations and risk of the contract, his legal

rights are to be ascertained and determined solely according to its provisions."

*Gibson* v. *Cranage*, 39 Mich. 49, was to the same effect, where the subject of the action was a portrait.

In *Zaleski* v. *Clark*, 44 Conn. 218, the plaintiff was to make a bust of the defendant's deceased husband satisfactory to her. The court held that it was for her alone to determine whether it was so, and that it was not enough to show that her dissatisfaction was unreasonable.

*Brown* v. *Foster*, 113 Mass. 136, was for a suit of clothes. Devens, J., said: "It is not for any one else to decide whether a refusal to accept is or is not reasonable, when the contract permits the defendant to decide himself whether the articles furnished are to his satisfaction."

The doctrine was carried to very great length in *Singerly* v. *Thayer*, 108 Pa. St. 291, where an elevator had been erected in a building and "*warranted satisfactory in every respect.*" It was held that, if it had been substantially completed so that the owner of the building could understand how it would operate, it could be rejected if it was not satisfactory.

In *Duplex Boiler Co.* v. *Garden*, 101 N. Y. 387, the opinion sets out the two classes of cases, with reference to which a distinction has been made. One class is that which involves personal taste and judgment, examples of which we have shown, and the other class is that where the subject-matter of the contract is such that the satisfaction stipulated for must be held to apply to quality, workmanship, salability, and other like considerations, rather than to personal satisfaction. For example, if one agrees to sell land with a satisfactory title, and shows a title valid and complete, the parties must have intended such a title to be satisfactory, rather than to leave an absolute right in the purchaser to say: "I am not satisfied," when no reason could be shown why he should not be satisfied. So if one agrees to do work in a satisfactory manner it must mean a workmanlike manner—as well as it would be expected to be done—rather than a merely personal or whimsical rejection. It is this class of cases to which the term "reasonably satisfactory" applies. Hence in the boiler

case, last cited, it was held that a simple allegation of dissatisfaction, without some good reason assigned for it, might be a mere pretext, and would not be regarded.

In *Wood Reaping Co.* v. *Smith*, 50 Mich. 565, the court says : " In the one class the right of decision is completely reserved to the promisor, without being liable to disclose reasons or account for his course, and a right to inquire into the grounds of his action and overhaul his determination is absolutely excluded from the promisee and from all other tribunals.

In the other class the promisor is supposed to undertake that he will act reasonably and fairly, and found his determination upon grounds which are just and sensible, and from thence springs a necessary implication that his decision in point of correctness and the adequacy of the grounds of it is open to consideration and subject to the judgment of judicial triers."

See also *McClure* v. *Briggs*, 58 Vt. 82; *Daggett* v. *Johnson*, 49 Vt. 345; *Hartford Sorghum Co.* v. *Brush*, 43 Vt. 528; 1 Beach Mod. Law Contr. § 104.

Even in cases of the latter class, where a rejection is made in good faith, the dissatisfaction of the purchaser is held in many decisions to be sufficient. See note to *Duplex Co.* v. *Garden*, 54 Am. Rep. 709 (711).

The instruction to the jury in the present case that "satisfactory" means "reasonably satisfactory" was erroneous as applied to the subject-matter of the alleged contract.

(2)    Evidently the trial judge thought that the definition of the term was of little weight, because the defendant had not returned the pictures, or either of them, and hence he added the words : "But unless the man returns the pictures he is conclusively held to be satisfied." The same instruction appears so clearly in other parts of the charge that the jury must have understood that the retention of the pictures made the defendant liable for the price of both.

Taken generally the instruction would be quite correct, upon the ground that one cannot retain the property of another and still refuse to pay for it. But the instruction as

given ignores the defence set up in this case, which is that the first picture was not accepted and the second not completed.

The demand relied on by the plaintiff is contained in his letter of January 7, 1896, in which he asks the defendant to send him both pictures for exhibition. To this the defendant replied that he wanted one and objected to the other being shown as a likeness of his wife. He also testified that he had not objected to the removal of this one, but only to its exhibition. Now whether, under the circumstances of this case, there was a refusal to return the pictures, or an excuse for the retention of the other because it was not completed, were questions of fact for the jury. The question whether the contract was as claimed by the defendant also raised a question of fact. If the jury had found that the contract was for a satisfactory portrait ; that the second was satisfactory but not completed, and that the other was not returned because of the suggestion of its exhibition, they might have found for the defendant. The facts that the pictures were on the walls of the defendant's home and that he had paid for the frames are such as would naturally be considered in determining an acceptance, but they do not conclude such determination nor remove the questions from the jury. The instruction, therefore, that by the mere retention of the pictures, under the circumstances of the case, the defendant was conclusively held to be satisfied with and liable for both, was erroneous.

New trial granted.

*Samuel R. Honey*, for plaintiff.

*William P. Sheffield, Jr.*, for defendant.

---

S. FRANK CHACE *vs.* SAMUEL S. PIDGE *et al.*

PROVIDENCE—NOVEMBER 18, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Mechanic's Lien. Requisites of Notice. Estate Affected.*

In proceedings to enforce a mechanic's lien, the account and notice of lien

filed under Gen. Laws R. I. cap. 206,· § 7, should be against the estate of the owner of the land at the time of the beginning of the construction, when the lien attaches.

PETITION to enforce a mechanic's lien.   Heard on question of the sufficiency of the notice of lien filed as the commence-ment of process.

MATTESON, C. J.   This is a petition for a mechanic's lien under Gen. Laws R. I. cap. 206, § 1.   The work done and the materials furnished were so done and furnished at the request of the respondent Pidge, who was the owner of the land on which the house was constructed, without written contract ; and therefore the petitioner, under the provisions of § 5 of cap. 206, had six months within which to commence legal process to enforce the lien.   The materials, which con-sisted of two furnaces and pipes, were furnished, as appears by the account lodged with the notice of lien, on August 27, 1897, and the account and notice of lien were lodged on Feb-ruary 19, 1898.   In the interval between these dates Pidge conveyed the house and land to the respondent Augustus C. .Purdy.   In the notice of lien the respondent Pidge is named as the owner of the land, and the question is made whether the notice of lien should not have named the respondent Purdy, who then owned the land, as the owner, and claimed the lien against his estate therein.

*Robert W. Burbank*, for petitioner.

*James L. Jenks*, for respondent.