## WHEN A BUYER IS THE SOLE JUDGE AS TO WHETHER THE THING BOUGHT IS "SATISFACTORY."

Circuit Court of Stark County.

NARCISSA C. CLEWELL v. TOLEDO METAL SIGN & ADVERTISING COMPANY.*

Decided, March, 1903.

*Contracts—Words and Phrases—"Satisfactory" Defined.*

Where it is agreed that the subject-matter of a contract shall be "satisfactory" to the purchaser, if the subject-matter of the contract is such that the satisfaction stipulated for must be held to apply to quality, workmanship, salability and other like considerations, rather than to personal satisfaction, as in the painting of a portrait, an agreement that it shall be satisfactory means that it shall be reasonably satisfactory; but if the subject of the contract, such as one to paint a pastel portrait, involves personal taste or feeling, an agreement that it be satisfactory to the buyer necessarily makes him the sole judge whether it answers that condition.

WINCH, J. (sitting in place of Judge McCarthy); VOORHEES, J., and DONAHUE, J., concur.

In the court below the Toledo Metal Sign & Advertising Company brought suit against Narcissa C. Clewell to recover on a contract, by the terms of which the plaintiff agreed with the defendant, in substance, to manufacture for said defendant certain dies for stamped copper medallions for an agreed price, which amount was to be due and payable on receipt of satisfactory proof of said dies in copper. The written order also provided for the making from these dies, medallions and signs, the

---

*Affirmed without opinion, *Clewell* v. *Toledo Metal Sign & Advertising Co.*, 71 Ohio State, 471.

amount whereof to be determined by the defendant; and alleges that pursuant to the contract the dies were made and accepted by the defendant, and that she ordered medallions, which were furnished her.

The defendant controverted this and set up in her answer and evidence was introduced at the trial tending to prove that these dies, or some of them, were not satisfactory. It will be noticed that the word "satisfactory" is used with reference to the dies from which the medallions were made, and that there was no such condition in the contract with regard to the medallions which were to be made from the dies and furnished pursuant to the contract, and pursuant to further orders from the defendant to furnish them.

In this court it is complained that the charge of the court on the points of law involved, particularly turning on the meaning and application of the word "satisfactory" as used in the contract, was erroneous, first in failure to give the fourth request of defendant below, to charge, and secondly, as to the use and application of the word "satisfactory" in the charge as given.

From examination of the charge we think that the fourth request is substantially covered in the charge as given. Now, was the charge according to the law of the case? In determining this question two points arise, there being two lines of authorities. Did the subject of the contract involve personal taste or feeling? Or, second, did the use of the word "satisfactory" in the contract apply to quality, workmanship, saleability, and other like considerations?

The distinction in the two classes of cases is well put in the 21st Rhode Island, page 65, the last two paragraphs of the syllabus of which read as follows:

"If the subject-matter of the contract is such that the satisfaction stipulated for must be held to apply to quality, workmanship, saleability and other like considerations, rather than to personal satisfaction, as in a contract for the painting of a portrait, an agreement that it shall be satisfactory means that it shall be reasonably satisfactory. If the subject of the contract, such as one to paint a pastel portrait, involves personal taste or feeling, an agreement that it shall be satisfactory to the buyer necessarily makes him the sole judge whether it answers that condition."

And in the case of *Wood Reaping & Mowing Machine Com-pany* v. ——————, 50 Mich., 565, on page 566 of the opinion the court says:

"In the one class the right of decision is completely reserved to the purchaser without being liable to disclose reasons or ac-count for his course, and the right to inquire into the grounds for his action, and overhaul his determination is absolutely ex-cluded from the promisee and from all tribunals. It is suffi-cient for the result that he willed it.

"The law regards the parties as competent to contract in that manner, and if the facts are sufficient to show that he did so, their stipulation is the law of the case. The promisee is excluded from setting up any claim for remuneration, and is likewise de-barred from questioning the grounds of decision on the part of the promisor, or the fitness or propriety of the decision itself. The cases of this class are generally such as involve the feelings, taste or sensibility of the promisor, and not those gross consider-ations of operative fitness or mechanical utility which are capa-ble of being seen and appreciated by others.

"In the other class of cases the promisor is supposed to un-dertake that he will act reasonably and fairly, and found his determination on grounds that are just and sensible, and from thence springs a necessary implication that his decision of cor-rectness and the adequacy of the grounds of it are open for con-sideration, and subject to, the judgment of judicial triers."

To the same effect is the case of *Duplex Safety Boiler Com-pany* v. *Garden et al*, in 101 N. Y., 279. The same case is re-ported in 55 American Reports, 709, where there is an extended note, collating all the authorities on this subject; and on that account no further authorities will be cited in this opinion.

Now, it seems to us that as to the dies to be made the first line of authorities should be applied; and as to the medallions manu-factured from the dies, the second line of authorities could fairly be applied, or the rule arising from them, or pointed out in them.

So we have examined the charge of the court with reference to both of these points, and we feel that the charge is not open to criticism in either respect.

There is this trouble with the charge, however (the court has had much difficulty with the case owing to the fact that the evi-

dence was not all before us, the bill of exceptions consisting of the charge of the court with an agreement as to what the evidence tended to show), the court having charged the first rule as to the dies, charged next the second rule as to the medallions; and coming to the consideration of damages, there being a counter-claim in the case, there is to one not having all the evidence before him an apparent inconsistency; but after an inspection in the case we feel that the jury was not misled in the case in any respect by the involved condition of the charge; and by examination of the verdict, and the amounts claimed by the plaintiff and the defendant, we find that the jury could not have been misled, but they must have applied both rules   The claim of the plaintiff was for $579.55 and interest.  The counter-claim was $211.95 for the defendant and interest, the difference being $368.60.   Now, the verdict is for $349.19; deducting the interest which was figured in by the jury, would leave it $285; an apparent difference of $143.60 allowed the defendant; which we think was allowed because the jury found that one of the dies about which there seems to be particular dispute was not satisfactory to the defendant, and that she was the sole judge whether it was satisfactory or not.

The judgment is therefore affirmed.