### SNYDER v. GREENHUT & CO.

(Supreme Court, Appellate Term. March 13, 1911.)

MASTER AND SERVANT (§ 30*)—CONTRACT OF EMPLOYMENT—DISCHARGE OF SERVANT.

    A contract employing one as manager of a department in the employer's business, to give satisfactory service to the employer in the management of the department, may be terminated by the employer, if the services are unsatisfactory.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

Appeal from City Court of New York, Trial Term.

Action by Garrett P. Snyder against Greenhut & Co. From a judgment of the City Court of the City of New York for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Rose & Putzel, for appellant.
Theodore Prince, for respondent.

SEABURY, J. The plaintiff sues to recover damages for the alleged breach of a contract of employment. The contract was in writing, and under it the defendant employed the plaintiff as buyer and manager of its shoe department. By the terms of the contract the plaintiff "hereby accepts said engagement, and covenants and agrees to devote his entire time and attention and to give satisfactory service to said Greenhut & Co. in the conduct and management of the department above mentioned."

The evidence established the fact that the plaintiff entered upon the discharge of his duties under the contract, and that the defendant was not satisfied with the results which the plaintiff produced, and terminated his employment. Numerous instances of mismanagement were proved upon the trial. By the terms of the contract the plaintiff covenanted "to give satisfactory service" to the defendant. The proof makes it clear that the services which the plaintiff performed were not of this character. The learned trial justice left to the jury the ques-

---

tion as to whether or not the services the plaintiff performed were satisfactory to the defendant, "or whether or not his services were executed with such skill and with such care as a reasonable man might be satisfied with. In other words, the question is submitted to you as to whether or not the services of the plaintiff were of such a character that the defendant was justified in discharging him." To this charge of the court the defendant duly excepted.

The charge tendered an erroneous issue to the jury, and prescribed a test for determining whether the defendant was justified in discharging the plaintiff different from that specified in the contract which both parties had signed. The services which the plaintiff contracted to render as buyer and manager in the shoe department of the defendant required, as the evidence shows, considerable executive ability and sound judgment in purchasing merchandise and an intimate knowledge of trade conditions. As the manager of and buyer for this department of the defendant's business, the position which the plaintiff was employed to fill was one of trust and confidence, and for the proper discharge of which peculiar abilities were requisite. The position of the plaintiff, under the contract, was not that of an ordinary employé. The contract recognized the peculiar and personal character of the services to be rendered, and the plaintiff specifically agreed to perform them in such a manner as to give satisfaction to the defendant. This, it is evident from the proof, he failed to do.

The services which the contract required of the plaintiff were not of such a character or nature as the court had in mind in declaring the rule laid down in the cases of Duplex Safety Boiler Co. v. Garden, 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709, and Doll v. Noble, 116 N. Y. 230, 22 N. E. 406, 5 L. R. A. 554, 15 Am. St. Rep. 398. The present case is within the rule declared in Crawford v. Mail & Express Pub. Co., 163 N. Y. 404, 57 N. E. 616, and the rule mentioned in that case should be applied here.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.