## IPP et al. v. S. & W. BAUMAN.

(Supreme Court, Appellate Term. February 8, 1912.)

1. SALES (§ 345*)—CONDITIONAL—APPROVAL OF THE BUYER.

    Where, though goods were sold subject to the approval of the buyer, they were sold by sample, and were the ordinary character of merchandise made for the trade, such approval was not a condition precedent to a recovery therefor.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 956–961; Dec. Dig. § 345.*]

2. SALES (§ 345*)—CONDITIONAL—APPROVAL OF THIRD PERSON.

    Though goods were sold subject to the approval of a third person, and there was no such approval before an action for the price, the seller could recover upon a showing that the refusal of approval was arbitrary and unreasonable.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 356–361; Dec. Dig. § 345.*]

3. SALES (§ 168½*)—CONDITIONAL—SALE AND RETURN.

    Where, in a contract for the sale of goods, the buyer reserved no option to return the goods in event that they did not conform to the contract, it is not a contract for "sale and return," so as to entitle the buyer to return the goods after receipt.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 409–421; Dec. Dig. § 168½.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs, 1907 to date, & Rep'r Indexes-

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isaac Ipp and another against S. & W. Bauman. From a judgment for defendant, plaintiffs appeal. Reversed, and new trial granted.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Isaac Steinhaus, for appellants.

I. B. Ripin, for respondent.

HOTCHKISS, J. Defendant is a corporation. The action is for the price of goods (dresses) sold and delivered by plaintiffs to defendant. The defense is that delivery and acceptance was conditional upon the goods being *approved* by "S. or W. Bauman," and that the goods were rejected as unsatisfactory. The plaintiffs' evidence tended to show that the goods delivered fully conformed to the contract, and that defendant's refusal to accept them was arbitrary.

[1] The only question in the case is whether plaintiffs, under such circumstances can recover, or whether the approval of "S. or W. Bauman" was a condition precedent to any recovery. Counsel for both parties have, in their briefs, assumed that the contract was one where the goods were sold subject to the approval of the buyer—in other words, that "S. or W. Bauman" were identical with the defendant. Adopting this view, I cannot distinguish the case from the line of cases of which Duplex Safety Boiler Company v. Garden, 101 N. Y. 387, 4 N. E. 749, 54 Am. Rep. 709, Doll v. Noble, 116 N. Y. 230, 22 N. E. 406, 5 L. R. A. 554, 15 Am. St. Rep. 398, and Hummel v. Stern, 21 App. Div. 544, 48 N. Y. Supp. 528, affirmed 164 N. Y. 603, 58 N. E. 1088, are examples.

The orders for the goods in question indicate that the sales were by sample. The goods were made for the trade, and are not to be distinguished from ordinary merchandise. They were not of such character as to justify the application of the rule applicable to contracts involving the taste, fancy, or judgment of him for whom the work is done, as was the case in Haehnel v. Trostler, 54 Misc. Rep. 262, 104 N. Y. Supp. 533.

[2] Nor would the result be different if the contract is considered as one where acceptance was subject to the approval of a third person, because the evidence justified a finding that the refusal of such approval was arbitrary and unreasonable. N. Y. & N. H. Auto Sprinkler Co. v. Andrews, 62 App. Div. 8, 70 N. Y. Supp. 798.

[3] It is suggested by the respondent that the contract was of the kind known as "contracts of sale or return." Greacen v. Poehlman, 191 N. Y. 493, 84 N. E. 390. I do not so read it, because the buyer reserved no option to return the goods in the event that they conformed to the contract.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.