FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Judgments affirmed, without costs.

ALPER BLOUSE COMPANY, INC., Appellant, *v.* E. E. CONNOR & Co., INC., Respondent.

First Department, June 9, 1953.

*Myron Kommel* of counsel (*Kommel & Rogers,* attorneys), for appellant.

*William H. West, Jr.,* of counsel (*Dillon & O'Brien,* attorneys), for respondent.

*Per Curiam.* Plaintiff has been nonsuited in an action for breach of warranty in the sale of goods. The question presented is whether it established a prima facie case.

Plaintiff bought from defendant 5,000 yards of nylon tricot at $1.50 per yard for use in the manufacture of blouses, for which it paid $7,654.50. The goods were delivered, and plaintiff found that they curled after cutting. It contended that this made them unsuitable for the purpose for which they were bought.

Defendant, upon examination of the goods, apparently conceded the defective condition, and told plaintiff to return them to the finisher. It agreed to send a sample of the goods after refinishing for the purpose of examination by plaintiff. Such a sample was sent, and plaintiff again complained of similar defects in the goods. The defendant once more agreed to refinish them, and promised to send a second sample of the goods after the second finishing. On receipt of this second sample plaintiff complained that examination disclosed that the tendency to curl had not been removed, and that the goods were still defective. Defendant refused further consideration of plaintiff's claims and reshipped the bulk of the goods to plaintiff, but plaintiff refused to accept the same.

Upon the trial of this action plaintiff rested upon this proof. The complaint was dismissed at the close of plaintiff's case, because the trial court found that plaintiff failed to show the condition of the bulk of the goods, which plaintiff had refused and never examined after refinishing. We think that this was error.

The evidence disclosed that the second sample sent to plaintiff was for the purpose of showing the condition of the bulk of the goods after the second refinishing. In fact, defendant in its answer admitted that it had caused all of the goods to be refinished in accordance with the second sample. We think that this admission, plus proof of the condition of the second sample,

if it showed unfitness for the buyer's purpose, established a prima facie case.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

PECK, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.