ALPER BLOUSE COMPANY, INC., Respondent, *v.* E. E. CONNOR & Co., INC., Appellant.

First Department, June 5, 1956.

*William H. West, Jr.,* of counsel (*Dillon & O'Brien,* attorneys), for appellant.

*Myron Kommel* of counsel (*Kommel & Rogers,* attorneys), for respondent.

Cox, J. Alper Blouse Company, Inc., instituted this action against E. E. Connor & Co., Inc., for rescission, and to recover the purchase price paid for a quantity of nylon tricot cloth — intended for use in the manufacture of blouses — which plaintiff had rejected because of certain alleged defects.

After a mistrial in May, 1952, a retrial resulted in a judgment for defendant which was reversed by this court, a new trial being ordered (282 App. Div. 123). After a third trial resulted in defendant's favor, this court affirmed (284 App. Div. 954),

but the Court of Appeals reversed (309 N. Y. 67). The fact pattern of the case except for certain additional evidence has been delineated by that court with a clarity and conciseness which obviates any necessity for repetition here.

In its decision, that court, FULD, J., (p. 70) established the law of the case when it said that " Alper elected, so to speak, to enter into a special kind of contract whereby the seller agreed to take back the goods, refinish them, and then submit a new sample for its purchaser's approval." The court further stated (pp. 70–71): " While the power to withhold approval is an untrammelled one where the object of the contract is ' to gratify taste, serve personal convenience, or satisfy individual preference ' (*Duplex Safety Boiler Co.* v. *Garden, supra,* 101 N. Y. 387, 390), a different rule ordinarily prevails, in this state, for commercial contracts where the suitability of the goods is a matter of ' mechanical fitness, utility, or market-ability ' (3 Williston on Contracts [1936], p. 1946); in such a case, the contract is ' construed as imposing upon the seller the requirement only that a reasonable man  *  *  *  be satisfied with the performance.' (1 Williston on Sales, op. cit., § 191, p. 485; see, also, *Duplex Safety Boiler Co.* v. *Garden, supra,* 101 N. Y. 387; *Hummel* v. *Stern,* 21 App. Div. 544, affd. 164 N. Y. 603; 1 Restatement, Contracts, § 265, p. 380.) "

Accordingly, from the nature of this contract, plaintiff was " under the necessity of approving " the sample if that sample " depicted goods suitable for the purpose of large-scale blouse manufacture " (p. 71). The basis of the reversal of the judgment in defendant's favor was that the record contained no evidence that the bulk of the goods was similar to the sample and a new trial was ordered.

On the retrial, the defendant introduced such evidence that the sample *was* suitable for the plaintiff's large-scale operations and that the bulk of the goods was as good as, or better than, the sample.

In the charge to the jury, the learned trial court submitted three questions for special findings, viz: 1. " Did the defendant  *  *  *  agree to take back the goods, refinish them and then submit a new sample for plaintiff's approval? " The answer to this was in the affirmative. 2. " If your answer to the first question is ' yes ' was the sample  *  *  *  such that the plaintiff should have approved it? " The answer to this question was in the affirmative. 3. " If your answer to the second question is ' yes ' did the second shipment correspond with the sample in quality? " The answer to this question was in the affirmative. The jury also returned a general verdict in defend-

ant's favor. Thereafter, however, the learned Justice held that the jury's affirmative answer to the first question compelled him to set aside that verdict and directed a verdict in favor of plaintiff.

In the previous appeal, the plaintiff had conceded in the Court of Appeals that the sample was satisfactory. Whether or not the plaintiff be held bound by that concession, the jury in answering question No. 2 in the affirmative found that the sample was of such quality as the plaintiff should have approved within the meaning of the Court of Appeals decision. This finding was supported by sufficient evidence. Therefore, under the rule expounded by Fuld, J., since the sample was suitable the plaintiff had the duty of approving it. The only remaining question then is as to whether or not the bulk of the second shipment corresponded in quality with the sample. The record of this last trial shows that the bulk of the goods actually was better than the sample. Two expert witnesses compared the sample with some of the bulk and both testified to the superior quality of the bulk over the sample in that it was firmer and could be more easily handled in the process of manufacture. Obviously, this testimony was believed by the jury, as is evident from its special finding, that the bulk corresponded to the sample in quality.

There is included in the Court of Appeals opinion a dictum to the effect that the bulk, being stiffer than the sample, was more difficult to handle but such statement was made on the record then before the court; the fact that the stiffness of the bulk was an asset rather than a handicap was sufficiently established on the new record now before us. In fine, although the sample was satisfactory, there was ample factual evidence that the bulk was of better quality and more suitable for the purpose intended than the sample.

The judgment should be reversed and the jury's verdict for the defendant reinstated and the defendant granted judgment on that verdict. Settle order.

Peck, P. J., Rabin and Frank, JJ., concur.

Judgment unanimously reversed, with costs, the jury's verdict for the defendant reinstated and the defendant granted judgment on that verdict. Settle order on notice.