Richard W. Wallach, J.
Where an attorney has fully performed the objectives of a contingent retainer agreement for his client, these tidings of comfort are ordinarily sufficient to warrant payment of the fee in full. In this case the client would press beyond mere comfort and would infuse the lawyer-client relationship with qualities of aesthetic joy. In the context of this litigation the court must reject that notion.
Plaintiff, an experienced law firm in the securities field, was retained by defendant, an underwriter, to render customary legal services in connection with a Securities and Exchange Commission regulation A public stock offering. The basic terms of the oral retainer are undisputed in responses to interrogatories: if the offering were successfully completed, the underwriter was to receive a $20,000 expense allowance from the proceeds, and of this sum plaintiff was to be entitled to half, or the sum of $10,000. Defendant has paid the sum of $3,500 but resists payment of the balance of $6,500, and plaintiff now moves for summary judgment.
Although the offering was fully sold, and defendant received the $20,000 expense allowance, the underwriter asserts as a roadblock to summary judgment that plaintiff’s services did not measure up to “ the quality of service rendered to defendant by previous attorneys ’ ’ and that ‘1 the services rendered did not meet such standards and plaintiff was so advised.”
*723 It may well be true that defendant had known some giant oaks (albeit anonymous at the. present time) in the forest of the Bar, and that they cast, a long shadow in the underwriting business. So vague a standard, however, given its maximum effect, would amount to nothing more than a condition ip the contract that performance be personally satisfactory. The ingredient of personal satisfaction in contractual arrangements, however, is subject to certain well-recognized limitations. “ Provisions in agreements calling for performance to the satisfaction of a party fall into two general categories * * • [one] relating to operative fitness, utility or marketability • e * [or one] involving ‘ fancy, taste, sensibility, or judgment ’ ”. (Fursmidt v. Hotel Abbey Holding Corp., 10 A D 2d 447, 449; emphasis supplied. ) In the first class a “ satisfaction” provision is construed as imposing only the requisite of satisfying a reasonable man (5 Williston, Contracts [3d fed.], § 675B; Doll v. Noble, 116 N. Y. 230), the second requires only bona fides in asserting dissatisfaction. (Fursmidt v. Hotel Abbey Holding Corp., supra.) Clearly this case, resulting in a complete marketing of the securities offering, falls into the first category as a matter of law. Here defendant’s asserted lack of satisfaction cannot, in the face of conceded full performance, raise an issue of fact for trial, for “that which the law shall say a contracting party ought, in reason to be satisfied with, that the law will say he is satisfied with ” (City of Brooklyn v. Brooklyn City R. R. Co., 47 N. Y. 475, 479).
Defendant’s alternative argument against liability also partakes of alleged failure of performance. The underwriter contends that plaintiff’s retainer services “ included assistance in forming a selling group of brokers by introducing defendant to brokers * * * and individuals who would become customers of defendant and who would purchase shares in the public offering”. (Emphasis supplied.) Assuming, as we must on this motion, that such a provision were part of the retainer discussions (although vigorously denied by plaintiff), this part of the bargain, separately considered, was illusory (Chiapparelli v. Baker, Kellog & Co., 252 N. Y. 192).
Ghiayyarelli involved a claim for commissions in connection with a five million dollar loan by a Hew York banking firm to an Austrian province. Plaintiff never rendered any services, but allegedly held himself in readiness to perform for a limited period, after which the loan was consummated without him. The Court of1 Appeals held that plaintiff’s promise to perform the negotiating services never became an obligation *724 binding on either party. “ Where a promisor retains an unlimited right to decide later the nature or extent of his performance, the promise is too indefinite for legal enforcement ” (Chiapparelli, supra, p. 200). Such is the case here. And, of course, ‘ ‘ That portion of the agreement which is void for indefiniteness may be excised without affecting the validity of the remainder” (Reiburn v. Roseman, 22 N Y 2d 143, 146).
Then, too, defendant’s papers are barren of even the assertion that it ever called upon plaintiff for any measure of “ assistance ” upon this aspect of the retainer; all that appears is that the offering was completely sold without a scintilla of effort on plaintiff’s part. Where a principal wholly pre-empts sales negotiations, a broker who has performed to the limited extent demanded is not deprived, on that account, of compensation otherwise earned. (Salzano v. Pellillo, 4 A D 2d 789; Busher Co. v. Galbreath-Ruffin Realty Co., 22 A D 2d 879, affd. 15 N Y 2d 992.) In other words, even if plaintiff contracted to render “assistance” to the sales efforts, there is no evidence of any call for assistance and consequent breach.
For the foregoing reasons, plaintiff’s motion for summary judgment is granted, the answer is stricken, and the Clerk is directed to enter judgment in favor of plaintiff against defendant in the sum of $6,500 with interest as demanded in the complaint.