HATTIE GRINNELL, Respondent, v. IMRE KIRALFY, Appellant.

*Contract of employment while the employer " shall feel satisfied " — right to discharge the employee, how far absolute.*

A contract, under which one Hattie Grinnell was employed as a soubrette in a theatrical troupe for the seasons of 1887 and 1888, at a salary of forty dollars a week, provided, among other things, as follows:

The said party of the second part further agrees that if said party of the first part shall feel satisfied that the said party of the second part is incompetent to perform the duties for which said party of the first part has contracted in good faith, or is inattentive to business, careless in rendering of characters, or guilty of any violation of the rules, then the said party of the first part may annul this contract by giving one week's notice to said party of the second part to that effect, and said party of the second part shall have no further claim upon said party of the first part.

*Held,* that the words "in good faith" referred to the previous expression "shall feel satisfied," and that the party employed was thereby protected from a capricious or arbitrary discharge from the employment.

That the employer contracted affirmatively for the exercise of good faith on his part in discharging his employee.*

APPEAL by the defendant from a judgment, entered in the office of the clerk of the county of New York on November 19, 1888, in favor of the plaintiff and against the defendant, for the sum of $463.44 damages and costs; and also from an order, entered in said clerk's office on the same day, denying the defendant's motion for a new trial upon the minutes.

The action was brought to recover damages arising from the alleged illegal discharge of the plaintiff from her employment as an " *ingenue* " and soubrette by the defendant.

*Stephen C. Baldwin,* for the appellant.

*August Kohn,* for the respondent.

BARRETT, J. :

The single question in this case is whether the defendant had a right to discharge the plaintiff at his pleasure. The material part of the contract was in these words :

*(18 Abb. N. C., 48.) — [Rep.

" The said party of the second part further agrees that if said party of the first part shall feel satisfied that the said party of the second part is incompetent to perform the duties for which said party of the first part has contracted in good faith, or is inattentive. to business, careless in rendering of characters, or guilty of any violation of the rules, then the said party of the first part may annul this contract by giving one week's notice to said party of the second part to that effect, and said party of the second part shall have no further claim upon said party of the first part."

The plaintiff was the party of the second part, the defendant of the first. The defendant contends that as there was no comma in the original instrument after the word " contracted," the good faith referred to, was his in making the contract. The plaintiff, on the other hand, claims that the words " in good faith " refer to the previous expression " shall feel satisfied," and that thus she was protected from a capricious or arbitrary discharge. We think the latter is the fair and reasonable construction of this contract. It was superfluous for the defendant to affirm his good faith in entering into the contract. On his contention these words " in good faith " have no contractual force, and simply amount to an unnecessary assurance of honesty. They are, however, both relevant and important if he meant that the plaintiff was not to be discharged at his mere pleasure. If a discharge at will had been intended, it would have been easy to say so in a few words. But clearly it was not intended to give the defendant this absolute power. The plaintiff was an experienced actress of seventeen years' standing, and she had served the defendant in that capacity during a prior season. Thus he was well acquainted with her capacity. The engagement, consequently, was not an experiment nor a mere trial.

It contemplated the steady employment, for a full season, of a person of recognized qualifications, but with a reasonable check upon inattention or carelessness. The jury have found that the plaintiff performed her duties fairly and properly, and the defendant had no right to discharge her upon a pretense of dissatisfaction, which, as the verdict necessarily establishes, was neither genuine nor honest. We need not, therefore, consider whether, even upon the defendant's construction of the contract, he could have discharged her at his pleasure, in other words, whether the case comes within

the general principles laid down in *Duplex Safety Boiler Company* v. *Garden* (101 N. Y., 389) and *Doll* v. *Noble* (22 N. East. Rep., No. 16, p. 406; *S. C.*, 116 N. Y., 230), or within the rule which governs as to contracts, made "to gratify taste, serve personal convenience or satisfy individual preferences."

The defendant, in our judgment, contracted affirmatively for his own good faith, and he must be held to his bargain. There is nothing in the exception with regard to the programme. That was introduced simply to show that the defendant kept the plaintiff's name on his bills for some time after the discharge. It was read in evidence without objection, although the proof, that *it was* one of the defendant's programmes, was objected to. Being in the case without objection, it was proper to be considered. It showed, at least, that the defendant's company was performing at its date and that such date was embraced within the season. It also showed that the week covered by that date was not one of those when the defendant did not play. It was a circumstance, too, upon the question of his good faith, and, at all events, it was plainly harmless.

The judgment and order appealed from should, therefore, be affirmed, with costs.

BARTLETT, J., concurred.

VAN BRUNT, P. J.:

I concur. The addition of the words "in good faith" in the contract in no manner changed the relation of the parties to it. The defendant, even if the words had not been there, could not have discharged the plaintiff at his pleasure.

Judgment and order affirmed, with costs.