### SMITH v. ROBSON.[1]

#### (City Court of New York, General Term. November 27, 1893.)

CONTRACT OF HIRING—RIGHT TO DISCHARGE.

A contract which provides that, if the employer "shall feel satisfied" that the employe is incompetent, he may annul the contract, does not give the employer the right to discharge at his mere pleasure.

Appeal from trial term.

Action by James R. Smith against Stuart Robson for wrongfully discharging plaintiff from defendant's employ. From a judgment entered on a verdict in favor of plaintiff for $1,212.07, as damages and costs, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

The contract between the parties was as follows:

This engagement, made between Stuart Robson and J. R. Smith, witnesseth, that said Stuart Robson hereby engages said J. R. Smith to render services at such theaters, opera houses, and halls, as required, commencing on or about September 1st, 1891, and continuing for the traveling season of 1891–92,—about thirty weeks or longer,—unless terminated by said Stuart Robson, as hereinafter specified. And said J. R. Smith hereby agrees to render services at said theaters, opera houses, and halls, in all characters which he may be cast, in correct and painstaking manner, paying strict regard to make-up and the proper dressing of the characters assigned to him, and to furnish costumes for same, according to the designs furnished by said Stuart Robson, attend all rehearsals promptly, when called, and to conform to and abide by all rules and regulations adopted by the said Stuart Robson. That said J. R. Smith further agrees that if at any time the said Stuart Robson shall feel satisfied that he is incompetent to perform the duties which he has contracted to perform, in good faith, or is inattentive to business, careless in the rendering of characters, or guilty of any violation of the rules made by Stuart Robson, then he may annul this contract by giving two weeks' notice to said J. R. Smith. In the event of fire, riot, railroad accident, public calamity, or any unforeseen cause, beyond the control of said Stuart Robson or his agents, where time is lost, covering more than one night, the said J. R. Smith is not to receive salary for such time lost, or this contract may be annulled, at the option of Stuart Rob-

[1] Reversed, and leave to appeal to court of appeals granted. See 26 N. Y. Supp. 1131, mem.

son. The said J. R. Smith hereby agrees that he will not render services at any other place of amusement in the United States or Canada from the date of the commencement of this contract to its close, except under the management of Stuart Robson. And the said Stuart Robson agrees to pay to said J. R. Smith fifty-five dollars per week, also costs of railroad and steamboat transportation for self and baggage, for every week of theatrical representation during said season, when services are faithfully rendered. Transportation does not include sleeping or parlor car fare, nor carriage hire to and from depot, theater, or hotel. No extra pay for so-called "extra performances." J. R. Smith is to rehearse three weeks in Boston, commencing August 17, 1891. In witness whereof, we have hereunto set our hands and seals this 13th day of July, 1891.　　Stuart Robson. [Seal.]
　　　　　　　　　　　　　　　　　　　Floyd.
　　　　　　　　　　　　　　　　Jas. R. Smith. [Seal.]

Argued before NEWBURGER, VAN WYCK, and McCARTHY, JJ.

W. W. Culver, for appellant.

Howe & Hummel, for respondent.

NEWBURGER, J. This action was brought to recover damages for the wrongful discharge of plaintiff from the defendant's employment under a contract in writing entered into between the parties. The answer admitted the making of the contract, denied a wrongful discharge, and alleged that by reason of a clause in the contract the defendant was authorized to, and did, discharge, because the plaintiff was inattentive to business, careless in the performance of the duties by him undertaken, and guilty of a violation of the rules. The trial justice, at the close of the plaintiff's case, properly denied defendant's motion to dismiss the plaintiff's complaint.

The only question in this case is whether the defendant had a right to discharge plaintiff. The contract between the parties did not give the defendant, at his mere pleasure, the right to discharge the plaintiff. It appears that plaintiff had been an experienced actor, of years' standing, and was engaged only after defendant's agent had witnessed his performance. The case was properly submitted to the jury, who found that the plaintiff had performed his duties fairly. It has been repeatedly held by this and other courts in this state that contracts similar to the one at bar did not give a party the right to discharge an employe summarily. See Brandt v. Godwin, (City Ct. N. Y.) 3 N. Y. Supp. 807; Id., (Com. Pl. N. Y.) 8 N. Y. Supp. 339, 9 N. Y. Supp. 743; Grinnell v. Kiralfy, 55 Hun, 422, 8 N. Y. Supp. 623. The judgment appealed from must therefore be affirmed, with costs. All concur.