JAMES R. SMITH, Appellant, v. STUART ROBSON, Respondent.

MASTER AND SERVANT — CONTRACT OF THEATRICAL EMPLOYMENT.
A theatrical manager and an actor entered into a contract of employment
for a season, which provided that if at any time the employer (the manager)
"shall feel satisfied" that the employee "is incompetent to perform the
duties which he has contracted to perform in good faith, or is inattentive
to business, careless in the rendering of characters or guilty of any viola-
tion of rules made by" the employer, the latter might annul it by giving
two weeks' notice. *Held*, that the words "in good faith" applied to the
conduct of the employer, as if the clause had read, "if in good faith the
employer shall be satisfied," etc.; and, hence, that a defense to an action
to recover damages for an alleged wrongful discharge from employment
under the contract was not made out by mere proof of the giving of notice
of annulment by the defendant without showing that in discharging the
plaintiff he had acted in good faith, and not arbitrarily and capriciously.

*Held, also*, that the contract was not within the rule applying to con-
tracts made to "gratify taste, serve personal convenience or satisfy indi-
vidual preference."

*Smith* v. *Robson* (6 Misc. Rep. 639), reversed.

(Argued January 13, 1896; decided January 21, 1896.)

APPEAL from order of the General Term of the Court of
Common Pleas for the city and county of New York, made
January 5, 1894, which reversed a judgment and order of the
General Term of the City Court of New York affirming a
judgment in favor of plaintiff entered upon a verdict and
denying a motion for a new trial, and granted a new trial.

This action was brought to recover damages for the alleged
wrongful discharge of the plaintiff from the defendant's
employment under a contract in writing between the parties.

The facts, so far as material, are stated in the opinion.

*A. H. Hummel* for appellant. The Court of Common
Pleas, at General Term, had no power to reverse this judg-
ment on any conflict of evidence, but only on matters of law.
(*Meyers* v. *Cohen*, 4 Misc. Rep. 185; *Arnstein* v. *Haulen-
beck*, 16 Daly, 382; *Smith* v. *Pryor*, 16 Daly, 169; *Rowe* v.
*Conley*, 11 Daly, 318.) The defendant having omitted to
renew his motion for non-suit at the time both sides rested,

his exception, taken at the close of plaintiff's case, is of no avail on appeal. (*Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 632; *Rowe* v. *Stevens*, 44 How. Pr. 10; *St. John* v. *Skinner*, 44 How. Pr. 198; *Schwinger* v. *Raymond*, 105 N. Y. 648.) The motion to dismiss the complaint at trial term was properly denied, because the contract did not give the defendant the right to dismiss at pleasure. (*Grinnell* v. *Kiralfy*, 55 Hun, 422; *Selvi* v. *Harrison*, 106 N. Y. 653; *Winship* v. *Portland*, 78 Maine, 571; *Brand* v. *Goodwin* 15 Daly, 456.)

*W. W. Culver* for respondent. Plaintiff, on entering into the contract, voluntarily submitted the matter of his ability or competence and the consequent termination or existence of the contract to the opinion and judgment of the defendant, who was sole judge as to whether the plaintiff's services were satisfactory or not, and his dismissal was proper. (*Tyler* v. *Ames*, 6 Lans. 280; *Brand* v. *Goodwin*, 15 Daly, 456; *Johnson* v. *Birdsell*, 16 Daly, 232.) The law never overcomes by implication the express provisions of parties. (2 Pars. on Cont. 646; Coke on Littleton, 210; *Goodall's Case*, 5 Rep. 97.) The words "in good faith" in the contract on which the plaintiff lays such great stress in his argument do not in any way affect the substantial right in the defendant to terminate the contract in the manner he did. (*Lattimer* v. *Hill*, 8 Hun, 171; *Dovale* v. *Ackerman*, 11 Misc. Rep. 245.)

ANDREWS, Ch. J. The only material question presented by this record arises upon the construction of that clause in the written contract of employment which relates to its annulment by the defendant.

The plaintiff was an actor and the defendant was a theatrical manager. The contract is dated July 13, 1891, and the plaintiff thereby agreed to enter the defendant's employment as an actor, and the defendant agreed to employ him as such during the season of about thirty weeks, commencing on or about September 1, 1891, at a weekly compensation of $55. The plaintiff was to act in all characters assigned to him, in a correct and painstaking manner, to attend rehearsals promptly

and conform to and abide by all the rules and regulations adopted by the defendant. The plaintiff entered upon the employment, and about two weeks thereafter was discharged by the defendant by written notice stating that " We are positive you will not suit us."

The clause in the contract relating to the annulment of the contract is as follows : " The said J. R. Smith (plaintiff) further agrees that if at any time Stuart Robson (defendant) shall feel satisfied that he is incompetent to perform the duties which he has contracted to perform in good faith, or is inattentive to business, careless in the rendering of characters, or guilty of any violation of the rules made by Stuart Robson, then he may annul this contract by giving two weeks' notice to said J. R. Smith."

The defendant, at the close of the plaintiff's evidence, made a motion to dismiss the complaint on the ground substantially that the defendant having given the notice required, the engagement was rightfully terminated, irrespective of any question of competency of the plaintiff or other grounds for the discharge. The motion was overruled and the defendant entered upon his defense. The parties on the trial litigated the question of the plaintiff's competency as an actor, and also the question of his alleged inattention to his duties. The court in a charge which was not excepted to, presented these two questions only for the consideration of the jury. The question of the defendant's good faith in discharging the plaintiff was not alluded to on the trial or in the charge, and no request to charge in respect thereto was made. The jury found a verdict for the plaintiff for the amount of the compensation fixed by the contract, less what the plaintiff had earned in other employment during the contract period. The jury must have found, therefore, in favor of the plaintiff on both of the questions submitted to them.

It is now insisted in behalf of the defendant that he had the right under the clause in the contract which has been quoted, to discharge the plaintiff at his pleasure, with or without any reason, and that the motion to dismiss the complaint

should, therefore, have been granted. We think this construction of the contract is not justified. There is a little obscurity as to the application of the qualifying words "in good faith." But we think it is sufficiently plain that they were intended to apply to the conduct of the defendant as if the contract had read, " if in good faith the employer shall be satisfied, etc." This gives force to the words, whereas if held to apply to the plaintiff they would have, as said by BARRETT, J., in *Grinnell* v. *Kiralfy* (55 Hun, 422) (a case involving the construction of a similar contract), no contractual force, but would amount simply to an unnecessary assurance by the plaintiff of his honesty in entering into the contract. The claim that the defendant reserved an arbitrary power to discharge the plaintiff is inconsistent with the presence of any limiting words in the contract. Construing the contract as claimed in behalf of the defendant, it is a contract terminable at the will of the defendant, but binding on the plaintiff for the period designated. If this had been intended, the clause is almost wholly superfluous. In that view, it was quite unnecessary to introduce any words of condition or any reference to the conduct of the plaintiff. It was doubtless intended to give the defendant a wide discretion. The grounds which might exist for reasonable dissatisfaction on the part of the defendant could not readily be formulated in advance so as to cover all the contingencies. It was reasonable that the defendant should be in a position, if in good faith he felt that the plaintiff did not come up to the requirements of the situation, to discharge him. If the defendant had shown to the satisfaction of the jury that acting in good faith he had discharged the plaintiff because he was dissatisfied, and that his action was not arbitrary and capricious, he could not have been held liable. But the question whether the defendant acted in good faith was by the contract a material question, and the motion for non-suit, based on a construction of the contract which eliminated this element, was properly overruled. The contract was not one within the rule which applies to contracts made to " gratify taste, serve personal convenience, or satisfy

individual preference," referred to by Danforth, J., in *Duplex Safety Boiler Co.* v. *Garden* (101 N. Y. 387).

There are no other questions deserving special reference.

Our conclusion leads to a reversal of the judgment of the General Term of the New York Common Pleas and an affirmance of the judgment of the City Court.

All concur.

Judgment accordingly.