JAMES P. SUMMERS, Respondent, *v.* FREDERICK L. COLVER, Appellant.

38  553
55  018

*Motion — its consideration on appeal limited to the grounds stated below — contract that work shall be "artistically and financially satisfactory" — the decision must be made in good faith.*

Where counsel, upon making a motion, specially calls attention to the point he desires the court to pass upon, he cannot, under cover of the exception to the denial of the motion, urge a different point upon appeal.

Where upon the trial of an action brought against Frederick L. Colver personally, upon a contract of employment signed " Frank Leslie's Publishing House, Frederick L. Colver, Manager," the counsel for the defendant, in making a motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, urges the point that the question as to whether the services rendered by the plaintiff under the contract mentioned in the complaint were satisfactory or unsatisfactory, is one exclusively "for defendant, the employer, and not to be passed upon by court or jury," and makes no claim that the action was not properly brought against the defendant, the defendant is estopped from asserting upon appeal that he is not the proper party to be charged with damages in the action.

Under a contract of employment fixing the employee's salary at forty dollars per week for the first four weeks, and providing ".At the end of that time if your management of our press work is artistically and financially satisfactory, your salary will be $50 per week thereafter. This arrangement to be for one year under same conditions," conceding that the employer is the sole judge as to whether the employee's management of the press work is "artistically and financially satisfactory," this power must be exercised in good faith, and the employer cannot discharge the employee before the expiration of the year, for the purpose of reducing expenses, and arbitrarily say that the employee's work was not artistically and financially satisfactory.

APPEAL by the defendant, Frederick L. Colver, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of March, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 4th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*E. H. Pilsbury* [*L. A. Wray* with him on the brief], for the appellant.

*Michael J. Scanlan*, for the respondent.

WOODWARD, J.:

The plaintiff brings this action to recover damages for a breach of contract, the terms of which are set forth in a letter, of which the following is a copy of the material portions:

" Mr. JAMES P. SUMMERS:

" DEAR SIR. — In accordance with our verbal understanding we take pleasure in engaging your services as foreman of our press

rooms from Monday, Sept. 30th. The salary to be paid you is $40.00 per week for the first four weeks. At the end of that time if your management of our press work is artistically and financially satisfactory, your salary will be $50 per week thereafter. This arrangement to be for one year under same conditions and to continue after first year at same salary; each party reserving the right to cancel this agreement at two weeks' notice after first year. Trusting that this will prove mutually satisfactory.

" Yours very truly,<br>
" FRANK LESLIE'S PUBLISHING HOUSE,<br>
" F. L. COLVER, <i>Manager</i>."

On the trial before a jury the case was submitted upon the question of whether the employer, in discharging the plaintiff at the end of four months, was acting in good faith. There was a conflict of evidence, and the jury found in favor of the plaintiff, bringing in a verdict for the difference between what the plaintiff would have received had he been employed under the contract and what he actually received in other employment during the year. From the judgment, and an order denying a motion for a new trial, appeal comes to this court; and the defendant now urges that the complaint should have been dismissed upon the motion of counsel, upon the pleadings, for the reason that it does not state facts sufficient to constitute a cause of action. The attention of the court is called to the fact that the contract was made with " Frank Leslie's Publishing House, Frederick L. Colver, Manager," while Frederick L. Colver personally is made defendant in this action. But we are of opinion that this question was not raised by the motion of defendant's counsel, and that the case having been tried upon another theory the defendant cannot be heard to urge this objection at this time. If the defendant's counsel had moved to dismiss the complaint on the ground that " it does not state facts sufficient to constitute a cause of action," as he did, and had rested upon that proposition, he might be heard on this appeal upon the point which he suggests, but he did not do this. On the contrary, he urged upon the court, not the point which he now brings forward, but that " the question as to the services under the contract mentioned in the complaint being satisfactory or unsatisfactory, was one exclusively for defendant, the employer, and not to be passed upon by court or

jury." It was the denial of this motion by the court to which defendant's counsel excepted; and, as it practically admits that the defendant was the employer, he is now estopped from asserting a different attitude to the plaintiff. Where counsel specially calls attention to the point to be passed upon, he cannot, upon appeal, urge a different point under cover of the exception to the denial of the motion made. We are not called upon to decide whether a mere defect of parties, which might be raised by demurrer, would be sufficient to give the defendant any rights on appeal on a motion to dismiss the complaint upon the ground that it does not contain facts sufficient to constitute a cause of action, and we go no further than to decide that, in the case at bar, the defendant is estopped from asserting that he is not the proper party to be charged with damages in this action.

It may be conceded that the employer was the sole judge as to whether the management of the press work by the plaintiff was "artistically and financially satisfactory," but this power, vested in the employer by the contract, must be exercised in good faith. He cannot discharge the plaintiff for the purpose of reducing expenses, and arbitrarily say that he was not satisfied with the artistic and financial management of defendant's press room by the plaintiff. The dissatisfaction must be real, and it must be sufficient to justify the dismissal of the plaintiff. Mere fault-finding by hired critics, coupled with suggestions from the employer, are not sufficient, unless the employer is so far displeased with the general character of the work performed that he would be, in good conscience, justified in dismissing him. There was a conflict of evidence upon this point. The defendant alleges that he had some conversation with the plaintiff in which he called attention to the unsatisfactory character of the work, and that the plaintiff asked the privilege of resigning. The trial court charged that if the jury accepted this version of the matter the verdict must be for the defendant. On the other hand, the plaintiff testified that the defendant, in dismissing him, stated that the reason for the dismissal was the necessity of reducing expenses; and there was evidence to show that, after the dismissal of the plaintiff, the work of the press room was carried on by one of defendant's witnesses, who performed plaintiff's services without any additional compensation, thus reducing the cost of

the press room about fifty dollars per week. It was also in evidence that while the plaintiff did not receive the promised advance at the end of four weeks, he was, prior to his dismissal, given an advance of ten dollars per week. On this point the defendant testified that it was in consideration of night work, while the plaintiff insists that it was in pursuance of the original contract, the increase having been deferred because of the complaint of the defendant that business was not good enough to warrant it at the end of the four weeks' period. In short, there were two distinct versions of the controversy. Under one of them the defendant was entitled to a verdict, and under the other the plaintiff was as clearly entitled to recover; and the jury, after a charge of which the defendant cannot fairly complain, has determined the facts in favor of the plaintiff. Unless there are errors in the case, the judgment must be affirmed.

This cause may be distinguished from that class of cases referred to by Judge Danforth in *Duplex Safety Boiler Co.* v. *Garden* (101 N. Y. 387), where the contract is "to gratify taste, serve personal convenience, or satisfy individual preference," by the fact, as determined by the jury, that the defendant did not rely upon his dissatisfaction with the plaintiff's work in dismissing him, but predicated his action upon a desire to reduce the cost of operating the printing establishment. Moreover, the fact that the defendant may have found fault or been dissatisfied with a particular piece of work cannot be relied upon to show such a degree of dissatisfaction as to justify the dismissal of an otherwise competent man; unless the fact of such unsatisfactory piece of work was the cause of dismissal. The fair construction of the contract between the parties is that if the plaintiff on a four weeks' trial is "artistically and financially satisfactory," he is to have employment for one year at an advanced salary. The fact that he served the defendant for a period of four months, that he was given an increase of wages, either in pursuance of the contract or for extra labor, is some evidence that he was "artistically and financially satisfactory," and the dismissal of the plaintiff at the end of four months, for the purpose of reducing expenses, is not fulfilling the contract in good faith, and good faith is essential in all contracts.

As was said in the case of *Smith* v. *Robson* (148 N. Y. 252, 255): "It was reasonable that the defendant should be in a position, if in

good faith he felt that the plaintiff did not come up to the require-ments of the situation, to discharge him. If the defendant had shown to the satisfaction of the jury that, acting in good faith, he had discharged the plaintiff because he was dissatisfied, and that his action was not arbitrary and capricious, he could not have been held liable." That was a case in which the plaintiff was employed under a contract for a theatrical season, to play different parts, much as the plaintiff in this action was employed to do a variety of printing, and the court there held that this was not a contract made to "'gratify taste, serve personal convenience, or satisfy individual preference.'"

We find no error in the admission of evidence, nor in the charge of the court to the jury, and we have reached the conclusion that the judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.