of action, with costs, with leave to plaintiff to amend on payment of costs within 20 days.

Demurrer sustained, with costs, with leave to amend on payment of costs within 20 days.

---

WALDT v. GOODWIN MFG. CO.   (No. 6665.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

MASTER AND SERVANT (§ 21*)—CONTRACT OF EMPLOYMENT—BREACH—DISCHARGE—GROUNDS—QUESTION FOR COURT.

Where plaintiff's contract of employment provided that he might be discharged at any time if his services proved unsatisfactory, and, having been discharged, the court correctly instructed that defendant had the right to determine whether plaintiff's services were or were not satisfactory, and that if defendant was dissatisfied, and because of such dissatisfaction alone discharged plaintiff in good faith, it was the jury's duty to find for defendant, there being no evidence to contradict his proof that plaintiff was discharged solely because defendant was dissatisfied with his services, a verdict for plaintiff had no evidence to support it, and the court should have determined the question as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 20, 21; Dec. Dig. § 21.*]

Appeal from Trial Term, New York County.

Action by Ralph Waldt against the Goodwin Manufacturing Company. From a judgment for plaintiff, and, from an order denying defendant's motion for a new trial, it appeals. Reversed, and complaint dismissed.

See, also, 163 App. Div. 890, 147 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Almuth C. Vandiver, of New York City, for appellant.

George Edwin Joseph, of New York City, for respondent.

PER CURIAM.   Plaintiff was employed by defendant as a salesman, and brings this action for damages for alleged wrongful discharge. The contract of employment gave defendant the right to discharge plaintiff at any time if "his services proved unsatisfactory." Defendant's president testified that plaintiff. was discharged because defendant was dissatisfied with the pecuniary results of plaintiff's efforts, and also because the information he gave defendant concerning details of business with which he had to do was unreliable. Defendant moved for the direction of a verdict on the ground that there was no contradiction to defendant's testimony that plaintiff was discharged because his services were unsatisfactory. Although the motion well stated the fact as to any contradiction of defendant's testimony, it was denied, and defendant excepted. The learned court charged the jury as follows:

That the right to determine whether the plaintiff's services were or were not satisfactory rested solely with the defendant, and that it was not a question for either the court or jury to decide whether the plaintiff ought

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or ought not to have been satisfied. That "the sole question to be decided by the jury is whether or not the defendant company discharged the plaintiff because it was actually dissatisfied with the services of the plaintiff and discharged him in good faith for that reason. * * * If you find * * * that the defendant company was dissatisfied, and that because of that dissatisfaction alone it discharged this plaintiff in good faith, it is your duty to find a verdict in favor of the defendant company. If, however, you find the contrary on this sole question in the case, then the plaintiff may recover."

At defendant's request, the court further charged as follows:

"That, in view of the defendant's right to discharge the plaintiff in the, exercise of the defendant's discretion, it is unimportant to consider the question of whether the defendant was actuated by some ulterior motive."

The court refused at plaintiff's request to charge:

"That, if the jury find that the dissatisfaction of the defendant was assumed and not real and made for the purpose of reducing expenses or any other cause than that of dissatisfaction, they may find for the plaintiff."

Accepting the law to be as charged by the court (and of its correctness there can be no doubt), there was no question for the jury, because the uncontradicted evidence showed that plaintiff was discharged because defendant was dissatisfied with his services. It necessarily follows that the verdict had no evidence to support it, and that the complaint should have been dismissed.

The judgment should be reversed, and the complaint dismissed, with costs.