NOA SPEARS CO. v. INBAU. (No. 5658.)

(Court of Civil Appeals of Texas. San Antonio. May 3, 1916. Rehearing Denied May 31, 1916.)

1. MASTER AND SERVANT ⊜⇒55 — CONTRACTS OF EMPLOYMENT—CONSTRUCTION—SATISFACTION.

A contract of employment, whereby plaintiff was to perform his duties as a dental laboratory man, according to the ability and to the satisfaction of defendant, did not bind the plaintiff to perform his duties as such for a less salary or to be faithful to his wife.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⊜⇒55.]

2. MASTER AND SERVANT ⊜⇒43—ACTIONS FOR DISCHARGE—QUESTION FOR JURY—SATISFACTION.

In an action for breach of such contract by wrongful discharge during its term and for damages, held, that whether defendant was in good faith satisfied with plaintiff's performance of his duties was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. ⊜⇒43.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by W. C. Inbau against the Noa Spears Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Boyle & Storey, of San Antonio, for appellant. Butler L. Knight, of San Antonio, for appellee.

---

SWEARINGEN, J. This is an action instituted by appellee, W. C. Inbau, in the county court of Bexar county, Tex., for civil cases, for breach of contract and for damages on a certain written contract of employment, dated August 1, 1913, and in his first amended original petition, filed in said cause on May 4, 1915, it is alleged, substantially: That plaintiff is a skilled and competent laboratory man, has had many years' experience as such, and is familiar with the duties of a dental laboratory expert, embracing crown and bridge work and was so experienced on or about August 1, 1913. That on said date defendant, Noa Spears Company, was engaged in the business of furnishing dental and surgical supplies to dentists and physicians, and employed skilled men to carry out such business, etc. That on or about said August 1, 1913, appellee was employed, by written contract, containing the following terms and conditions: Was employed as laboratory man for the term of one year from said date at a salary of $25 per week for the first 24 weeks, and $30 per week for the balance of the term, payable weekly at the end of each week, subject to terms and conditions in said contract imposed. The conditions imposed bound appellee to perform the duties of his said employment as laboratory man during the term of his contract according to his ability and to the satisfaction of the first party (the appellant) for the compensation named; and for such service the said appellant bound itself to pay to the appellee as a bonus for faithful and satisfactory service during the term, at the expiration of the contract or termination thereof by mutual consent of the parties, $120, with interest thereon at 4½ per cent. for a period of 9 months. That appellee duly entered upon and performed the duties of his employment according to contract, and performed the required services in a skillful, faithful, and proper manner and to the best of his ability and to the satisfaction of said appellant, and so continued the performance of said duties until on or about May 2, 1914, when appellant wrongfully discharged him and refused further to accept his services or permit further performance of his contract. That appellee was at all times ready, willing, and able to perform his part of the contract, and did so until discharged, since which time appellant refused to permit him to do so. Appellee prayed for salary alleged to be due him for the remainder of the term, namely, from May 2, to August 1, 1914, together with bonus of $120, and interest. That he had been damaged thereby the sum of $484.05, from which amount appellant was entitled to a deduction of $142.80, being amount earned by appellee from May 2 to August 1, 1914.

Appellant filed its answer, consisting of general demurrer and general denial, and specially answered, admitting the contract, but denied that appellee's services were satisfactory, and averred that he was totally incompetent as a laboratory man, and did not fulfill his duties as such to the satisfaction of appellant as provided in said contract, and he was discharged by appellant as it had a right to do; that appellee could have secured other employment by the exercise of reasonable diligence, as it was his duty to do, and therefore was not entitled to recover.

A jury trial was had, which resulted in a verdict and judgment in favor of the plaintiff (appellee) in the sum of $341.25, with interest on $124.05 at 4½ per cent. from August 1, 1914, and interest on $217.20 at 6 per cent. from said date, and all costs of suit.

The first assignment is:

"The court erred in not instructing the jury to return a verdict in favor of defendant, because under the contract sued upon in this case the defendant had the right to discharge plaintiff at any time his services became unsatisfactory, and the defendant was the sole judge as to when his services became unsatisfactory to it, in this, that the contract provided that plaintiff bound himself to perform his duties to the satisfaction of the defendant, and the evidence showed beyond doubt that his services were unsatisfactory to the defendant."

The first proposition submitted under this assignment is:

"Where a contract of employment between employer and employé for a definite term is dependent upon the employé performing his duties to the satisfaction of his employer, the latter is authorized to terminate the employment whenever dissatisfied with the services of the employé; the employer being the sole judge as to whether he is dissatisfied."

The basis of this suit is this contract:

"This contract of employment this day made and entered into by and between Noa Spears Company, hereinafter styled first party, and Wm. C. Inbau, hereinafter styled second party, all of Bexar county, Tex., witnesseth:

"First. The first party employs the second party as laboratory man for the term of one year from date hereof, at the salary of twenty-five dollars ($25.00) per week, for the first twenty-four (24) weeks of this contract, and thirty dollars ($30.00) per week for the balance of the term of this contract, all of said wages payable weekly at the end of each week during the term hereof, subject to the terms and conditions hereinafter imposed.

"Second. The second party agrees and binds himself to perform the duties of his said employment as laboratory man, during the term of this contract, according to his ability and to the satisfaction of the first party, for the weekly compensation named in the first paragraph of this agreement.

"Third. The first party agrees and binds itself to pay to the second party, as a bonus for faithful and satisfactory service during the term hereof, at the expiration of this contract or the termination thereof by mutual consent of the parties, one hundred and twenty dollars ($120.00), with interest thereon at the rate of four and one-half per cent. (4½%) per annum for a period of nine months.

"Executed in duplicate this 1st day of August, A. D. 1913. [Signed] Noa Spears Co., First Party, by C. C. Quillian, Jr., Secy. Wm. C. Inbau, Second Party. Witnesses: Glover Johns. C. W. Knight."

[1, 2] A fair construction of this contract is that appellee bound himself "to perform the duties of his said employment as laboratory man * * * according to his ability

and to the satisfaction" of appellant. What duties was appellee to perform? The duties of laboratory man. Those duties of laboratory man were evidently clearly understood by both parties to the contract, and the evidence in a general way describes the duties as laboratory man. It is clear from the evidence that the duties as laboratory man, which under this contract appellee owed appellant, did not include the duty of domestic fidelity by appellee to his wife. Neither does the contract bind appellee to perform his duties as laboratory man for a less salary in order to satisfy appellant. The contract did bind appellee to perform the duties of laboratory man to the satisfaction of appellant. There is evidence that appellee did perform the duties of laboratory man to the satisfaction of the appellant. The president of the company testified:

"Inbau was a good workman. He did firstclass work, and there never was any complaint about his work."

It will be remembered that his work was all that was to be satisfactory, not his domestic conduct nor the amount of salary. There is no evidence that appellee wasted any of his employer's time or neglected any of the duties as laboratory man. It is neither alleged nor proven that appellee wasted time or neglected his duties. The allegation in the answer is that appellee was totally incompetent as a laboratory man, and fails to allege that he wasted his employer's time. The issue made by the pleadings, as limited by the evidence, is that submitted by the court, viz.: Did appellee perform his duties as laboratory man to the satisfaction of appellant? The jury found that appellee did perform his duties of laboratory man to the satisfaction of appellant. There was evidence to support that finding.

Whether or not appellant was satisfied with appellee's performance of the duties of laboratory man was the contested fact. Such an issue is by its very nature most difficult to sustain by that preponderance of evidence required of the plaintiff. But because it is difficult to prove does not, as claimed by appellant, destroy the right to prove it. The law is clear upon this proposition. Sanger v. Slayden, 7 Tex. Civ. App. 614, 26 S. W. 851, in quoting from opinion in Silsby Mfg. Co. v. Town of Chico (C. C.) 24 Fed. 893, said:

"But when the purchaser is in fact satisfied, but fraudulently and in bad faith declares that he is not satisfied, the purchaser is bound. To be dissatisfied is a fact, and cannot be pretended when as a fact it does not exist." Fuller v. Downing, 120 App. Div. 36, 104 N. Y. Supp. 993; Grinnell v. Kiralfy, 55 Hun, 422, 8 N. Y. Supp. 623; Smith v. Robson, 148 N. Y. 252, 42 N. E. 677; Doll et al. v. Noble, 116 N. Y. 230, 22 N. E. 406, 5 L. R. A. 554, 15 Am. St. Rep. 398; Texas Life Ins. Co. v. Roberts, 55 Tex. Civ. App. 217, 119 S. W. 931; Crawford v. Mail & Exp. Pub. Co., 9 App. Div. 481, 41 N. Y. Supp. 325.

"Whether the defendant was really dissatisfied with the plaintiff's services, or whether its expression of dissatisfaction lacked genuineness, was a question of fact for the jury." Summers v. Colver, 38 App. Div. 556, 56 N. Y. Supp. 624; Hydecker v. Williams (Com. Pl.) 18 N. Y. Supp. 586, 12 L. R. A. (N. S.) 410, and the many cases cited.

There was evidence that appellant was, in fact, satisfied with appellee's performance of the duties of laboratory man and that appellant, in bad faith, declared that he was not satisfied therewith. The issue was properly submitted to the jury.

The foregoing discussion substantially disposes of the second assignment. Both assignments are overruled.

There is no error shown, and the judgment of the trial court is affirmed.