(97 Misc. Rep. 19)

### ZAHLER v. MANN et al.

(Supreme Court, Appellate Term, First Department. October 25, 1916.)

1. MASTER AND SERVANT ☞30(3)—CONTRACT FOR SERVICES—SATISFACTION.

Under a contract of employment providing that the plaintiff's services should be to the entire satisfaction of the defendant, the defendant was the sole judge of whether he had reason to be dissatisfied, and the jury had no right to speculate as to whether he ought to have been satisfied.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 32; Dec. Dig. ☞30(3).]

2. MASTER AND SERVANT ☞43 — CONTRACT FOR SERVICES — SATISFACTION — QUESTION FOR JURY.

Under a contract of employment providing that the plaintiff's services should be to the entire satisfaction of the defendant, whether the defendant was in fact dissatisfied, and whether the plaintiff's dismissal was in good faith, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. ☞43.]

3. MASTER AND SERVANT ☞40(2)—CONTRACT FOR SERVICES—SATISFACTION —EVIDENCE.

Under a contract of employment providing that the plaintiff's services should be to defendant's entire satisfaction, what was said at the time of his discharge might be considered and given due weight.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 48; Dec. Dig. ☞40(2).]

4. APPEAL AND ERROR ☞1067—HARMLESS ERROR—INSTRUCTION.

Under a contract of employment providing that the plaintiff's services should be to the defendant's entire satisfaction, where the issue was whether the cause assigned for the discharge was real or assumed, it was reversible error to refuse plaintiff's request to charge that defendant could not discharge him for ulterior reasons and arbitrarily say that he was not satisfied with his services, where the court had charged that defendant had the arbitrary right to discharge plaintiff when dissatisfied with his services, and that any ulterior motive on his part was unimportant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ☞1067; Trial, Cent. Dig. § 475.]

Appeal from City Court of New York, Trial Term.

Action by Jacob Zahler against Saul W. Mann and another. From a judgment of the City Court in favor of defendants, entered on the

verdict of a jury, and from an order denying a motion for a new trial, plaintiff appeals. Judgment and order reversed, and new trial ordered.

Argued October term, 1916, before GUY, BIJUR, and SHEARN, JJ.

Jacob Manheim, of New York City, for appellant.

Harry A. Gordon, of New York City, for respondents.

SHEARN, J. The contract of employment provided that plaintiff's services should be to the entire satisfaction of defendants. Plaintiff continued in defendants' employment for a period of about three months when he was discharged. Plaintiff claimed that when he was discharged he was told that his work was satisfactory, but that he was discharged because of business conditions. This was denied by the defendants, who claimed that they discharged the plaintiff because his work was unsatisfactory, and so informed him. Respondents' counsel states in his brief that "the sole issue in the case at bar was as to what was said at the time of the discharge." This is a wholly erroneous conception of the issue in such a case.

[1-3] What is said at the time of the discharge may, of course, be considered and given due weight; but the issue generally is in such a case, and clearly was in this case, whether the dissatisfaction was genuine or assumed. The employer is the sole judge of whether he has reason to be dissatisfied, and the jury have no right to speculate as to whether he ought to have been satisfied; but the question whether the employer was in fact dissatisfied and the dismissal was in good faith is a question of fact for the jury. Diamond v. Mendelsohn, 156 App. Div. 636, 141 N. Y. Supp. 775; Summers v. Colver, 38 App. Div. 553, 56 N. Y. Supp. 624. The case of Waldt v. Goodwin Mfg. Co., 165 App. Div. 244, 150 N. Y. Supp. 831, is not at all to the contrary, as is urged in behalf of the respondent. The refusal of the court in that case to charge "that if the jury find that the dissatisfaction of the defendant was assumed, and not real, and made for the purpose of reducing expenses, or any other cause than that of dissatisfaction, that they may find for the plaintiff," was because, as the opinion clearly indicates, that "uncontradicted evidence showed that the plaintiff was discharged because defendant was dissatisfied with his services."

[4] In the case at bar, the learned trial justice, after charging that "the defendants had the *arbitrary* right, whenever they were dissatisfied with the services of the plaintiff, to forthwith discharge him," and that the defendants were the sole judges as to whether they were dissatisfied, charged:

"In view of defendants' right to discharge the plaintiff in the exercise of the defendants' discretion, it is unimportant to consider the question whether defendants were actuated by some ulterior motive."

The court then expressly refused to charge at the request of plaintiff's counsel:

"I ask your honor to charge that the defendants cannot discharge plaintiff for other ulterior reasons, and arbitrarily say that they were not satisfied with his services."

This refusal was directly contrary to the rule laid down in Summers v. Colver, supra, where the court said:

"He cannot discharge the plaintiff for the purpose of reducing expenses, and arbitrarily say that he was not satisfied with the artistic and financial management of defendant's press room by the plaintiff. The dissatisfaction must be real, and it must be sufficient to justify the dismissal of the plaintiff."

Where the discharge is in fact because of dissatisfaction, and this is undisputed, as was the case in Diamond v. Mendelsohn, supra, any ulterior reason for the discharge is, of course, unimportant and irrelevant. Where, however, the issue is whether the cause assigned for the dismissal was real or assumed, it was error to refuse plaintiff's request to charge that the defendants could not discharge the plaintiff "for other ulterior reasons, and arbitrarily say that they were not satisfied with his services." Taken with the tenor of the charge, as indicated by the foregoing excerpts, this refusal to charge must have been prejudicial, for the jury would be quite likely to fall into the same error with regard to the issue that is exhibited in the respondents' brief, namely, that it depended upon which version was true as to what was actually said at the time plaintiff was discharged.

The judgment and order appealed from are reversed, and a new trial is ordered, with costs to the appellant to abide the event. All concur.