JAMES K. DELANO, JR., Respondent, *v.* COLUMBIA MACHINE WORKS AND MALLEABLE IRON COMPANY, Appellant.

First Department July 13, 1917.

Master and servant — action for wrongful discharge — contract of employment providing that services must be satisfactory to employer — when genuineness of employer's discretion is question of fact — burden of proof — erroneous charge — exception not making error available.

Where a contract employing the plaintiff for the period of a year to develop a patent owned by him for a device which was to be manufactured by the defendant conditioned the yearly earnings upon the fact that the plaintiff's services were to be satisfactory to the defendant, and there is evidence to the effect that the defendant discharged the plaintiff

because it became interested in the manufacture of munitions and lost interest in the plaintiff's patent, a question of fact arises as to whether the defendant's dissatisfaction was genuine or feigned.

Hence, the defendant was not entitled to have the court charge that the right to discharge was arbitrary and that there was no question for the jury as to whether the reason assigned therefor was genuine or not.

Although the burden was on the defendant to furnish evidence that the plaintiff was discharged because of dissatisfaction, it was improper for the court to charge in such action that the burden was upon the defendant to justify the plaintiff's discharge and to show that his services were in fact unsatisfactory, there being no other instruction as to the burden of proof. The burden of proof on the whole case was on the plaintiff and he was required to show that the dissatisfaction was not genuine.

But the error is unavailable where the defendant's exception was only taken to that part of the charge in which the court stated that in order to justify the defendant's discharge of the plaintiff the service must be really unsatisfactory to the defendant, for the exception was not directed to the charge as to the burden of proof.

SCOTT and DOWLING, JJ., dissented.

APPEAL by the defendant, Columbia Machine Works and Malleable Iron Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of November, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for breach of a contract of employment providing for the employment of plaintiff for a period of one year " provided your services are satisfactory to us." Plaintiff alleged that he was wrongfully discharged before the expiration of the year.

*Wallace R. Foster,* for the appellant.

*Louis J. Vorhaus,* for the respondent.

SHEARN, J.:

The contract was dated July 17, 1915, and plaintiff immediately went to work. He was not discharged until November. It appears that plaintiff was an inventor and an automobile expert and mechanic and that he had obtained a patent for a certain device for starting, lighting and ignition systems on automobiles. His employment was in connection with

the manufacture of such devices. Shortly after the employment the defendant became interested in the munitions business and lost its interest in the ignition proposition. Nothing was done to develop the plaintiff's patent and the work on the models was stripped of workmen in order to turn out materials for shrapnel shells. In November, according to plaintiff, the defendant's president told him that the defendant was so busy with the munitions business that it was not going to take up the development of his patent and that, accordingly, he had no further use for plaintiff's services and he was discharged. According to defendant, plaintiff was discharged because he had been coming to business too late in the morning and leaving too early in the afternoon, and because he without permission took certain models away from the plant and his services were unsatisfactory. This was peculiarly a case for applying the rule, settled in this court, that while the employer has an absolute right to discharge the employee for dissatisfaction, upon such conflicting evidence, as above outlined, and the inferences that may be drawn therefrom, a question of fact is presented to the court as to whether the dissatisfaction was genuine or feigned. (*Beck* v. *Only Skirt Co.,* 176 App. Div. 867; *Diamond* v. *Mendelsohn,* 156 id. 636. See, also, *Zahler* v. *Mann,* 97 Misc. Rep. 19.) The appellant's main exception is to the court's refusal to dismiss the complaint on the–theory that the right to discharge was arbitrary and no question of whether the reason assigned was genuine or not should have been submitted to the jury. But upon the authorities referred to, the genuineness of the alleged dissatisfaction was a question of fact.

The court improperly charged the jury that " the burden is upon the defendant to justify his, plaintiff's, discharge, and to show that the services were in fact unsatisfactory." There was no other charge on the burden of proof. In such a case, upon proof of a valid contract and discharge the burden is undoubtedly on the defendant of coming forward with evidence that the employee was discharged because of dissatisfaction, and it is true that such dissatisfaction must be genuine, but the burden of proof on the whole case is on the plaintiff and he must show that the claim of dissatisfaction

was feigned and not genuine. The trouble with the defendant's exception is that it was in no manner directed to the instruction as to the burden of proof. The language of the exception is: " I take an exception to that part of your Honor's charge in which you charged on that subject, in which you stated that in order to justify the defendant's discharging this man the service must be really unsatisfactory to the defendant."

The judgment and order should be affirmed, with costs.

SMITH and PAGE, JJ., concurred; SCOTT and DOWLING, JJ., dissented.

Judgment and order affirmed, with costs.